STATEN *et al. v.* THE STATE.

1. Two of the plaintiffs in error, Miller and Mathis, having escaped from custody before the hearing of their case in this court, and having failed, within the time fixed in an order duly passed, to surrender themselves to the proper authorities, the bill of exceptions is dismissed as to these two parties, in pursuance of the provisions of the order referred to, that unless by the date named therein they should surrender themselves the case would be dismissed.

2. Where three defendants jointly indicted are jointly tried, and each of the three is permitted, without objection on the part of the State, to testify under oath, their testimony should be treated as evidence, under appropriate instructions from the court, and should not in the court's charge be treated as evidence so far as it refers to the other defendants in the case but merely as an unsworn statement with reference to the defendant actually giving the testimony.

JUNE 12, 1913.

Indictment for rape. Before Judge Fite. Whitfield superior court. February 5, 1913.

*George G. Glenn* and *F. W. Copeland,* for plaintiffs in error.

*T. S. Felder, attorney-general,* and *Sam P. Maddox, solicitor-general,* contra.

BECK, J. 1. Ben Staten, Pink Miller, and Joe Mathis were tried for the offense of rape, and convicted; and the jury recommended them to the mercy of the court. Within the time allowed by law, the defendants filed their motion for a new trial. At the hearing of the case in this court affidavits were submitted showing that Miller and Mathis had escaped from custody: and as to these two plaintiffs in error it was ordered that unless they should surrender themselves to the proper authorities on or before the 14th day of May, 1913, the case would be dismissed as to them in this court; of which order their counsel was duly notified. The time within which they should so surrender having expired, and the plaintiffs in error just named having failed to surrender themselves as provided in the order, and a proper showing having been made by the officer into whose custody they should

have surrendered themselves, an order was passed dismissing the case as to them.

2. The plaintiffs in error, Staten, Miller, and Mathis, were tried jointly, each reserving the right, without objection on the part of the State, to testify on oath; and each did testify fully upon the trial. Except in giving testimony under oath, none of the defendants made any statement. In the course of his instructions to the jury the court charged the jury as follows: "The law authorized the defendants to make to the court and jury such statement as they may deem proper in their defense; they are not under oath nor subject to cross-examination, as far as their statements go, without their consent. The defendants have each been sworn for the other, and what each says for himself is to be received as a statement, but what each says for the other defendants is to be received and weighed by you under the same rules as other evidence in the case." Subsequently, while instructing the jury, the court said to them, "You take all the facts and circumstances along with the statements of the defendants." Whereupon counsel for the defendants addressed the court and said: "They did not make a statement, your honor." And then the court, continuing his charge, said: "What each said for himself is a statement, and what each said for the other is evidence. You may give the statements such weight as you think they are entitled to. You may believe them in preference to the sworn testimony in the case." Defendants complained that the instructions which we have set out in effect instructed the jury that the testimony of the witnesses, the defendants, could and should be treated in part as a statement merely; and moreover, that, as the defendants had a right not to make any statement and made none, the court should not have made any reference whatever to statements, and that the charge as given "tended to injure the defendants before the jury by confusing them as to what was evidence in their own behalf testified to by them and by each of them."

We are of the opinion that as the defendants were permitted to testify without objection on the part of the State, although under the law they were neither competent nor compellable to testify, the testimony given by them should have been treated as evidence throughout and no reference to their testimony as a "statement" should have been made by the court. What each of them said under

oath was evidence, and they made no statement to the jury that was not under oath. The effect of the instructions set forth above, in reference to statements made on the trial by an accused in a criminal case, was, or might have been, to minimize in the minds of the jury the weight of the evidence given by the defendants when they were testifying. Especially is this observation true when we consider the fact that what each of the witnesses said in denial of the testimony with reference to himself, given by the woman upon whom the crime is alleged to have been committed, would necessarily, if believed by the jury and received by them as evidence, tend to break down the case made in her testimony against the other two defendants. To illustrate: After the woman referred to had testified that each of the three men, the plaintiffs in error here, had, on the occasion referred to, had carnal connection with her, and when each speaking for himself denied this and pronounced it false, primarily he was speaking for himself; but the testimony, if credited by the jury, also had the effect of breaking down the case against the other two, and what was said by all of the defendants upon this point, if permitted to testify without objection, should have been permitted to go to the jury as evidence to be considered by them and given its proper weight as such, without any reference to it as a statement merely, not having the sanction of an oath. We are not convinced that the error pointed out was harmless; and therefore a new trial must be granted to that one of the plaintiffs in error who has not lost his right to a hearing on appeal, by voluntarily escaping from the custody of the law and refusing to surrender when given full opportunity to do so.

*Judgment reversed as to Ben Staten. All the Justices concur.*