### 5529.  ROBERSON *et al. v.* THE STATE.

Where each of defendants jointly indicted testified on their joint trial, it was error for the court, after charging the jury on the law as to unsworn statements by defendants to the court and jury, to charge as follows: "Three of [the defendants] were put under oath and sworn as witnesses in behalf of the other defendants, but whatever they said would not be considered in their own behalf as evidence at all, but as a statement by the defendants, to be considered by you and given such weight as you see proper as a statement by the defendants, and not as evidence." The effect of this instruction was, or might have been, to minimize in the minds of the jury the weight of the evidence given by the defendants when they were testifying.

DECIDED MAY 14, 1914.

Conviction of manslaughter; from Appling superior court—Judge Conyers.  January 21, 1914.

*W. W. Bennett,* for plaintiffs in error.

*J. H. Thomas, solicitor-general, Padgett & Watson,* contra.

ROAN, J.  Peter Reid, Reefus Brown, John Roberson, and Abraham Roberson were jointly indicted and jointly tried for murder. The jury returned a verdict of guilty of voluntary manslaughter against Reefus Brown, John Roberson, and Abraham Roberson, and a verdict of not guilty as to Reid. The defendants found guilty of manslaughter made a motion for a new trial on the usual general grounds, and on several additional grounds. No reversible error appears except in the instructions complained of in the 4th ground of the amendment to the motion. In that ground it is alleged that the court erred in charging the jury as follows: "The defendants have the right to make to the court and jury such statements in their own behalf as they see proper. These statements are not under oath, and are entitled to such weight only as you see proper to give them. You may believe them in preference to the sworn testimony in the case. That applies to the statements made by all of the defendants—all four of the defendants, so far as it applies to their own defense. Three of them were put under

oath and sworn as witnesses in behalf of the other defendants, but whatever they said would not be considered in their own behalf as evidence at all, but as a statement by the defendants, to be considered by you and given such weight as you see proper as a statement by the defendants, and not as evidence." The exception to this part of the charge was well taken, in view of the decision of the Supreme Court in the case of *Staten* v. *State*, 140 *Ga.* 110 (78 S. E. 766). In that case Ben Staten, Pink Miller, and Joe Mathis were tried for the offense of rape and convicted; and the jury recommended them to the mercy of the court. They were tried jointly, each reserving the right, without objection on the part of the State, to testify under oath; and each did testify fully on the trial. Except in giving testimony under oath, none of the defendants made any statement. In the course of his instructions to the jury the judge charged as follows: "The law authorizes the defendants to make to the court and jury such statement as they may deem proper in their defense; they are not under oath nor subject to cross-examination, as far as their statements go, without their consent. The defendants have each been sworn for the other, and what each says for himself is to be received as a statement, but what each says for the other defendants is to be received and weighed by you under the same rules as other evidence in the case." The Supreme Court held that the effect of the instructions set forth, in reference to statements made on the trial by the accused in a criminal case, "was, or might have been, to minimize in the minds of the jury the weight of the evidence given by the defendants when they were testifying;" and that it was such error as required the grant of a new trial. On this ground alone we feel constrained to reverse the judgment overruling the motion for a new trial.        *Judgment reversed.*