## COLLINS et al. v. THE STATE.

1. An assignment of error in admitting testimony of a declaration, not showing when it was made, is without merit.
2. Evidence of threats uttered by the accused against the deceased, before the homicide, though stated conditionally and not communicated to the deceased, was admissible as tending to show malice.
3. An assignment of error on the admission in evidence of a diagram or plat, over objection that it was not shown to be correct, cannot be considered when no copy of it is exhibited and the assignment does not otherwise indicate its contents.
4. Testimony on cross-examination, tending to repel any inference from that on direct examination that the deceased was a drinker and desired liquor, etc., was admissible over objection that it was irrelevant and tended to prove character when it had not been attacked.
5, 6. Other exceptions to admission of testimony are not meritorious.
7-14. The exceptions to instructions to the jury, and to omissions to charge, show no cause for a new trial.
15. The alleged newly discovered evidence being in large part merely cumulative, and it not affirmatively appearing that the accused and their counsel did not know of it during the trial, it does not require that a new trial be granted.
16. A finding of murder was authorized by the evidence.

No. 2644. MARCH 4, 1922.

Indictment for murder. Before Judge Sheppard. Tattnall April 23, 1921.

E. J. Giles, Kirkland & Kirkland, and W. T. Burkhalter, for plaintiffs in error.

R. A. Denny, attorney-general, J. Saxton Daniel, solicitor-general, Graham Wright, assistant attorney-general, Elders & DeLoach, J. K. Hines, E. C. Collins, and S. B. McCall, contra.

FISH, C. J. Kelley Collins, Roach Sikes, George Sikes, and Abram Sikes were jointly tried on an indictment charging them jointly with the murder of Wade H. Coleman, by wilfully and maliciously killing him in Tattnall county on July 24, 1920, by then and there shooting him with a rifle and shotguns. Coleman was a deputy sheriff, and, as the State contended, had been active in his efforts to arrest and prosecute violators of the pro-

hibition law, and, on the occasion he was killed by the defendants, was endeavoring to search, for contraband liquor, an automobile in which defendants were riding; and when he got upon the running-board of the car, defendants, who were heavily armed, got out of the car with their guns, and, taking positions some short distance from the car, began firing on the deceased when he was making no felonious assault on any of them; and three of the defendants shot and maliciously killed him. The defendants contended substantially that the deceased jumped upon the running-board of their car without a warrant to search it, had a pistol, and with it made a felonious assault upon them, and that he was killed in order to prevent such assault being carried into effect, and that in shooting the deceased they acted purely in self-defense and without malice, and that they were justified in all they did at the time of the homicide. There was a verdict finding all of defendants guilty as charged, with a recommendation to mercy. All made a joint motion for a new trial, which was overruled, and they excepted. The first three grounds of the motion were the usual grounds, that the verdict was contrary to law and the evidence, and without evidence to support it.

1    (ground 4). A ground of the motion complained that a witness for the State was permitted to testify, over defendants' objection that the testimony was irrelevant, that Kelley Collins "said he had plenty of liquor and was going to get some wine." The motion does not disclose when such declaration was made. It may or may not have been admissible, dependent upon whether it was a part of the res gestæ, or the circumstances in connection with which it was made. This ground is therefore without merit.

2    (grounds 5 and 6). On a trial for murder threats uttered by the accused against the deceased before the homicide were admissible in evidence as tending to show malice, although they were stated conditionally and were not communicated to the deceased. *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107); *Graham* v. *State,* 125 *Ga.* 48 (2) (53 S. E. 816). Accordingly, grounds 5 and 6 of the motion, assigning error upon the admission of evidence of such threats, are not meritorious.

3. Ground seven of the motion assigns error upon the admission in evidence of "a purported diagram or plat of the scene of the homicide, showing distances," etc., over the objection of the ac-

cused "that it had not been shown the said diagram or plat was correct." This assignment of error will not be considered, it not appearing from the ground itself what the diagram or plat shows, and no copies thereof being set forth in the ground, or attached to the motion as an exhibit. *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176).

4 (8th ground). The State contended that the deceased was killed near Cobbtown. A witness for the defendants testified, on direct examination, that a few hours before the homicide the deceased approached witness and another, and asked, "Boys, you know where any liquor is?" to which witness said, "Yes, I could find some," and deceased further inquired, "Well, where is it?" On cross-examination the witness was allowed to testify: "Wade Coleman [the deceased] never asked me about liquor before this evening, that I remember of. I knew where liquor was, and knew where I could get it. This was the first time Wade asked me for it. . . I have lived around Cobbtown for years, and I guess Wade Coleman was born and reared out there all his life. I never did see him touch a drop of liquor in his life, and never saw him when he indicated he had a drop in his life." The testimony of the witness so delivered on cross-examination tended to repel any inference which might be drawn from the testimony of the witness on his direct examination, to the effect that the deceased was a drinking man and desired the liquor for his own use; and the court did not err in admitting such evidence on cross-examination, over the objection that it was irrelevant and tended to prove the good character of the deceased when it had not been attacked.

5 (9th ground). The testimony of Will Eason, set forth in the ninth ground of the motion, and to the admission of which error is assigned upon the grounds that it was irrelevant, hearsay, and prejudicial to the defendants, was not subject to the objections. The witness testified in behalf of the defendants, and the testimony objected to was brought out on his cross-examination. In view of the testimony on the direct examination, and other testimony on the cross-examination, the evidence objected to was admissible.

6 The tenth ground of the motion, complaining that the court erred in admitting all of the evidence set forth in the preceding nine grounds of the motion for new trial, is not good in form, nor meritorious.

7

7  (grounds 11 and 12). " On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge in immediate connection therewith the right of the jury to consider words, threats, or menaces, in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person." *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573) ; *Vernon* v. *State,* 146 *Ga.* 709 (92 S. E. 76). In view of the above ruling, the eleventh and twelfth grounds of the motion are without merit.

8  (ground 13). The defendants, as before stated, were jointly on trial for murder. There was evidence tending to show the commission of the homicide under the following circumstances: Defendants were traveling on a public road in an automobile. The deceased, who was an arresting officer, suspecting that they were carrying contraband liquor, stopped them, declaring his intention to search their car. The defendants demanded that he show his search warrant, to which the officer replied that he did not have one, and did not need one, and proceeded in an effort to search the car, notwithstanding resistance by the defendants. In a difficulty which ensued, the officer was killed by the defendants shooting him with a rifle and shotguns. The State did not introduce evidence showing there was contraband liquor in the car; the defendants adduced uncontradicted evidence to the effect that the car contained no such liquor. The court instructed the jury: " Now I charge you in connection with this  .  .  the question of arrest without a warrant — not that it is directly involved in this case, but merely to illustrate the rights and privileges of the parties interested. An arrest may be made for a crime by an officer with a warrant, or without a warrant if the offense is committed in his presence, or if the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Now that question of

arrest is not directly involved, but merely to illustrate the rights that the officer would have in undertaking to enforce the law." It is entirely reasonable to assume, if the deceased as an arresting officer was attempting, on the occasion of his homicide, to search the automobile of the defendants for contraband liquor, that his purpose was to arrest the defendants for having it in their possession, in the event he should find it in the car. The excerpt complained of, considered without reference to other portions of the charge, would be inapplicable under the facts of the case, and error, because it is conceded that the deceased officer was not provided with a warrant when he undertook to search the automobile. However, when considered in connection with the entire charge, a new trial is not required. The court in the instructions to the jury fully explained that without a warrant the search by the deceased officer was illegal, and that the accused, under such circumstances, would be authorized to use such force as was necessary to resist the illegal search and arrest, and a homicide committed in defending against the illegal arrest and search would be murder, manslaughter, or justifiable homicide, according to whether there was malice, unnecessary force, or only such force as was necessary in resisting the arrest.

9 (ground fourteen). The court instructed the jury as follows: " Now, of course, the presumption is that officers perform their duties according to law." This was excepted to because not applicable in criminal cases; that " in this case it was incumbent upon the State to show that the officer undertaking to make the search was clothed with a duly issued warrant authorizing him to search the car in which the defendants were riding;" that the instruction " put upon the defendants the burden of showing that the deceased, at the time said search was undertaken to be made, did not have a duly issued search warrant to authorize him to make said search, when under the law the burden was upon the State to show that the deceased did have such a warrant." As part of the same sentence containing the instruction excepted to, and immediately following it, the court added, " but no officer has a right either to make an arrest or a search unless they do so with a warrant," etc. The State, as already said, did not show that the deceased had a warrant to search the car, and indeed counsel for the plaintiffs in error say in their brief that " The State did not contend that the deceased

was armed with a search warrant, and in fact admitted in open court he had none." Accordingly, the inappropriateness of the instruction in this case, in view of the circumstances stated, and the exceptions assigned on the charge, does not require a reversal of the judgment refusing a new trial.

10 (ground 15). There was an exception to an instruction as to the law of conspiracy. The only ground of complaint was that it was not authorized by the evidence, and, being so unauthorized, the charge was misleading. The evidence was amply sufficient to authorize the instruction.

11 (ground 16). The instruction excepted to in this ground of the motion was so clearly not error for the reason assigned, that no further reference to it is necessary.

12 (ground 17). After defining reasonable doubt, the court gave the following instruction on that subject: "The doubt must arise upon the trial of the case from the evidence introduced on behalf of the State, or the evidence introduced on behalf of the defendants, the lack of evidence, the conflict in the evidence, or from the defendants' statements, or from any one or more or all of these sources combined the doubt must arise." This instruction was not error for the alleged reason that "said doubt may legally be created in the minds of the jurors from the weakness or insufficiency of the evidence, or the unreasonableness of the testimony, and for other causes."

13 (grounds 18 and 19). As heretofore stated the four defendants were jointly indicted and jointly tried. Without objection by the State all four of them were permitted to testify as witnesses under oath, and all did testify at length, both on direct and cross-examination. Two of them, however, Kelley Collins and Abram Sikes, after finishing their testimony under oath, made what are called, in the brief of evidence, "unsworn statements" which statements were, however, quite brief. The court instructed the jury as follows: (a) "Now these defendants . . have a right to make such statements, each of them, in their own behalf as they think proper. They shall not be under oath, and shall have such force and weight only as you think proper to give the statements. You may believe the statements in preference to the sworn testimony in the case, if you think proper to do so. Now I am charging you that in connection with the statements." (b) "Now these

defendants·were each sworn in behalf of the others as part of the evidence in the case; and you will take that and consider that evidence along with the other evidence in the case, both for the State and the accused, and give the evidence such weight and force as you think proper from all the facts and circumstances of the case, and give such force and weight to their statements, or that portion of each of these defendants that was submitted as statements." The court then, addressing counsel, said: " I believe they made some portions of statements." Counsel for defendants replied:. "Yes, some of them." The court then, continuing the instruction on the subject, charged: " Now you remember those things, gentlemen, and remember that the statements of any one or more, as the case may be, made in ·his own behalf, is not under oath, and is entitled to such force and weight as you think proper to give the statement. You may believe the statement in preference to the sworn testimony, if you think proper to do so. . That portion of the testimony of these defendants that was under oath, why you are to take and consider that along with the other evidence in the case in determining their guilt or innocence." The error assigned on the instruction we have designated as (a) is "that the four defendants were being jointly tried, and that Abram Sikes [?], George Sikes, and Roach Sikes neither made any statement in their own behalf, but were sworn as witnesses without objection on ·the part of the State. . . This being the case, the court should not have made any reference whatever to statements of these defendants; and that the charge given tended to injure the defendants before the jury by confusing them as to what was evidence in their own behalf testified to by them and by each of them." The error assigned on the instruction indicated as (b) is " that it singled out the four defendants from all the other witnesses in the case and instructed the jury to give their evidence such weight and force as they thought proper from all the facts and circumstances of the case, without applying the same rule to the other witnesses in the case, which naturally minimized and cast reflections upon the evidence of these four defendants and operated to their prejudice; and because it left the jury in a position to disregard the rules of law laid down for the guidance of juries in passing on the testimony of witnesses and their credibility."

While the instructions might have been more aptly phrased, yet

when considered together they substantially stated the law on the subject, and furnished no cause for a new trial, for any reason alleged. See *Berry* v. *State,* 122 *Ga.* 429 (50 S. E. 345). The charges excepted to did not contravene what was held in *Staten* v. *State,* 140 *Ga.* 110 (78 S. E. 766).

14 (grounds 20, 21, 22). (20) "One of the main contentions in the case was that the deceased with a pistol in his hand had hold of one of the defendants, Abram Sikes, who was the brother of George and Roach Sikes, and the brother-in-law of the defendant Kelley Collins, who married the sister of Abram Sikes and the other two defendants, and was threatening to shoot him, Abram Sikes, and these defendants, fearing and believing that the deceased would commit a felony upon their brother and brother-in-law and shoot and kill him, shot in order to protect their brother, Abram Sikes's life. And in fact the deceased did carry out his threats and actually shot their brother Abram Sikes, and also the brother-in-law Kelley Collins, at the time of the homicide." Error was assigned on the court's failure to state this contention in connection with the other contentions of the defendants. (21) "Because the court erred in failing to charge the jury that under the law of this State a brother has the legal right to defend his brother against an apparent felonious assault or a felonious assault, and that if the jury believed that George Sikes and Roach Sikes shot and killed the deceased, Wade Coleman, to prevent him, the deceased, from committing a felony on their brother, Abram, or if they, as reasonable, courageous men, at the time of the shooting believed that a felony was about to be committed upon their brother, then they had the right to shoot and to kill the deceased in order to prevent him from committing a felony upon their brother." (22) "Because the court erred in failing to charge the jury Penal Code section 75, as follows: 'All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide.'"

The failure of the court to instruct the jury as complained of in these three grounds of the motion is not cause for a new trial. The defendants did not set up either in the statements made by two of them to the jury or in the testimony under oath given by all of them, that they shot the deceased to protect Abram Sikes as the brother of two and the brother-in-law of one of them, but

they did set up the defense of self-defense and of homicide under the influence of reasonable fears; and the court fully, clearly, and correctly instructed the jury as to such defenses, thereby giving them the full benefit of the law as to their defenses whether they were kin or not.

15 (ground 23). The refusal of a new trial on the ground of alleged newly discovered evidence is not error. The State made a counter-showing rebutting much of the evidence submitted by movants; the evidence for movants was largely merely cumulative; and the movants and their counsel made affidavits that they did not know of the alleged newly discovered evidence " before the trial," and that " the same could not have been discovered by the exercise of ordinary diligence." If they knew of the evidence during the trial, they could not go on with it, take the chances of a verdict in their behalf, and then complain of a verdict against them. Their affidavits should have affirmatively stated that they did not know of the evidence during the trial; failing in this, they have no cause for a new trial on the ground of the alleged newly discovered evidence.

16. There was ample evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting, and Hines, J., disqualified.*