25138. BROOKS *et. al. v.* THE STATE.

DECIDED FEBRUARY 5, 1937.

*Feagin & Feagin,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

MACINTYRE, J. Special grounds 1 and 2: The court charged the jury as follows: "I further charge you in felony cases, and this charge is a felony, a conviction is not authorized on the uncorroborated testimony of an accomplice, and unless the testimony of an accomplice is corroborated by other competent evidence, which you believe, or by the facts and circumstances developed on the trial, you would not be authorized to convict on such testimony. If you should believe from the evidence that a witness in this case was an accomplice, then before you would be authorized to convict the defendants, or either of them, on the testimony of such witness, the corroborating facts and circumstances must be such as independent of the testimony of such witness would lead to the inference of the defendant's guilt, and the corroborating facts and circumstances must, in some way connect the defendant or defendants, as the case may be, with the criminal act." This charge stated correctly and accurately the rule as to the necessity of corroborating evidence with the testimony of an accomplice when corroboration is relied on. *Callaway* v. *State,* 151 *Ga.* 342, 343 (106 S. E. 577); *Knight* v. *State,* 143 *Ga.* 678 (85 S. E. 915). There was no error in refusing to give the requested instruction "that the testimony of a self-confessed accomplice, that is to say a self-confessed perpetrator of the crime for which the defendants are on trial, is not to be given the same faith and credit as that given to other witnesses." Nor was there error in refusing the request to charge "that a fact can not be established in a criminal felony case in this State, beyond a reasonable doubt, by the uncorroborated testimony of a confessed accomplice to the crime with which the defendant is charged." The charge as given sufficiently covered these requests.

2. Special ground 3: The witness was referring to a separate case against Rome Williams having a pistol, in response to the question of defendant's attorney when the following occurred: "Q. When they bound him over, you stated there he didn't have a pistol? A. No, sir, each time I told them he had a pistol." Mr. Garrett (the solicitor-general): "I object to that as immaterial

and irrelevant." Mr. Feagin (defendant's attorney) : "I am going to prove [that] on the other trials she swore the man didn't have a pistol, and then she turned around and said he did; and I am going to prove for sometime after she was locked up she didn't say anything about the defendant's having anything to do with this robbery; and I want to prove some outside influence got her to implicate the defendants in this case." The court: "As to the pistol case, I will rule that out. You can prove anything she said about this case," Mr. Feagin: "I expect to prove this witness, in recorder's court on the commitment hearing of Rome Williams, testified he did not have a pistol, and subsequent to that time in the city court, after she had been arrested on this charge and had been in jail, that then she was called as a witness for the defendant in the city court, and she swore directly and positively opposite of what she swore in recorder's court. I offer that to show the motive behind the prosecution, illustrating she has been approached to change her story and try to incriminate these two defendants." The court: "You can prove anything she said with reference to this case; but as far as the pistol case is concerned I will have to exclude the evidence as to the pistol." The defendant contends that such evidence should have been admitted to show animus and motive of the witness. We think the judge was authorized to say that this was going too far afield from the case on trial, and to exclude the evidence.

Ground 4: The two defendants in this case were being tried on a joint indictment. After the State closed its evidence, counsel for the defendants made the following statement to the court: "I want, if your honor please, to let each of the defendants be sworn as a witness for the other, with the understanding that the sworn testimony of each, as to the case of the other, shall be considered as his statement in his own case." The court: "Very well, you can do that; or you can do both. Let them be sworn and make statements." The defendants were sworn, questioned by defendant's counsel, and cross-examined by the solicitor-general. Movant contended that he desired to do this in the interest of time, to prevent the two defendants from having to go over the whole story in evidence for each other, and then having to repeat it in an unsworn statement for themselves; that the court assented to it; and that, relatively to the testimony of the defendants thus

given, the judge should have charged the jury on the defendant's statement. The question is: was his failure thus to charge reversible error? In *Cofer* v. *State,* 163 *Ga.* 878 (4) (137 S. E. 378), the court said: "Since all three of the defendants in their joint trial were sworn as witnesses, the exception based upon the failure of the court to give in charge to the jury section 1036 of the Penal Code of 1910, upon the subject of the right of the defendant to make a statement, and as to its weight and effect, is without merit. In the circumstances, it would have been error to instruct the jury upon the subject of the defendant's statement. *Staten* v. *State,* 140 *Ga.* 110 (78 S. E. 766). See also *Burnsed* v. *State,* 14 *Ga. App.* 832 (82 S. E. 595); cf. *Collins* v. *State,* 153 *Ga.* 95, 101 (111 S. E. 733); *O'Berry* v. *State,* 153 *Ga.* 880 (7) (113 S. E. 203)." By reference to the record in the *Cofer* case, we find that the plaintiff in error excepted because the court erred in not giving in charge to the jury section 1036 of the Penal Code of 1910, which is section 38-415 of the Code of 1933. The motion for new trial in the *Cofer* case further shows that "movant, together with four others, were jointly indicted for rape. On the trial, movant, Sib Britt, and Eldredge Wilder, three of these thus jointly indicted, were, by agreement on the part of their counsel and the State counsel, Hon. P. Cooley, solicitor-general, tried together under an agreement that each of the three thus being tried were to have the right to be sworn as witnesses for the other defendants on trial, but their testimony not to be considered as evidence in their own behalf but only as a statement in their behalf. This agreement was announced to the court and agreed to by him." In the case sub judice the proposal of the defendant was assented to by the court, and no objection being made by the solicitor-general, and he having proceeded to cross-examine the defendants, it seems to us that the instant case is similar on its facts to the *Cofer* case, and that under the ruling in that case the exception to the failure of the judge to give in charge section 38-415 of the Code is without merit.

Special grounds: The solicitor-general in his argument to the jury used the following language: "Graham's lot [the place where the alleged crime was committed and where both defendants lived, according to the evidence] is a cesspool of vice and corruption and a black spot on the face of Bibb County; that nobody knows how

many crimes and outrages have been plotted and planned in Graham's lot, and nobody knows how many more will be plotted and planned and carried out if it is not wiped off the face of Bibb County; and this jury can do a real service to the people of Bibb County and to the county itself if they take the first step in wiping it off the face of the map by convicting these defendants." The defendant's counsel objected to this argument as prejudicial and without evidence to support it. Whereupon the solicitor-general added: "I mean from this record. I say that from this record and from the facts appearing here in this trial, it is such a place." Whereupon the court said: "Go ahead with your argument, Mr. Solicitor." The solicitor-general "then proceeded to repeat the statements set out above and like statements, qualifying them by attaching to them, 'from this record.'" "When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, may object to the argument, and rest simply on the objection; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; or he may, in addition to his objection, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court." *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1, 6 (supra). In the instant case, the defendant must "rest simply on the objection." He made no motion for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, or that a mistrial be declared. He in effect asked that the court require the solicitor-general to desist from such improper argument. Counsel are allowed the largest liberties in argument of cases before juries; and whether the argument be logical or illogical, or whether the inferences and deductions drawn by them from the facts in evidence, or facts of a kind of which judicial cognizance may be taken without proof, are correct, or not, this court will have no power to intervene. *Inman* v. *State,* 72 *Ga.* 269, 278; *Taylor* v. *State,* 83 *Ga.* 647, 659

(10 S. E. 442). "It has been said that an advocate, however unrestricted he may or ought to be in the use of all the forms of rhetoric such as invective, satire, ridicule, or humor, and every variety of illustration drawn from the facts in evidence, or from facts hypothetically assumed, ought not to be allowed to make himself a witness, and state facts within his own knowledge touching the case under discussion." Weeks on Attorneys at Law (2d ed.), 243. "What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." *Taylor* v. *State,* 121 *Ga.* 348, 354 (49 S. E. 303). Flights of oratory and false logic do not call for objections, rebukes, or mistrials. It is the introduction of facts not in evidence that requires the application of such remedies. *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Berry* v. *State,* 10 *Ga.* 511, 523. It was the duty of the court, when the objection was made, promptly to require the solicitor-general to desist from such argument, this being in effect what counsel for the defendant had asked. Instead of so doing, the court allowed the solicitor-general to proceed and repeat the statements above set out and like statements. This, in our opinion, was not the proper course for the court to pursue and the judgment must be reversed, under the ruling in *Washington* v. *State,* 87 *Ga.* 12 (3) (13 S. E. 131), where it was held: "On the trial of an indictment for arson, it was error to allow the solicitor-general, over the objection of defendant's counsel, to state, in his concluding argument, that frequent burnings had occurred throughout the country, and to urge the jury in consequence thereof to strictly enforce the law in the case then on trial." See also *Hudson* v. *State* 101 *Ga.* 520 (28 S. E. 1010); *Fair* v. *State,* 168 *Ga.* 409, 413 (148 S. E. 144); *Cliett* v. *State,* 46 *Ga. App.* 315 (167 S. E. 610).

This court in this case certified to the Supreme Court three questions: (a) "When improper argument to the jury is made by counsel, is it essential, in order to make the action of the judge in reference to the same a basis for review, that a motion to declare a mistrial be made? See, in this connection, *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1, 6 [supra]; *Patton* v. *State,* 117 *Ga.* 230, 239 (43 S. E. 533); *Rawlins* v. *State,* 124 *Ga.* 31 (10), 51 (52 S. E. 1); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386, 396 (182 S. E. 384); *Snell* v. *State,* 179 *Ga.* 52 (175 S. E. 14); *Brown* v. *State,*

150 *Ga.* 756 (3) (105 S. E. 289); *Redd* v. *State*, 28 *Ga. App.* 483 (111 S. E. 685); *Ogletree* v. *State*, 40 *Ga. App.* 733 (151 S. E. 396); *Conoway* v. *State*, 49 *Ga. App.* 311 (4) (175 S. E. 391); Code of 1933, § 81-1009." (b) "Where improper argument is made by counsel for one party, and counsel for the opposing party makes objection thereto, and the court fails to sustain the objection or to require counsel to desist from such argument, can this action be made a basis of review in this court, where opposing counsel has made no motion for mistrial?" (c) "When improper argument to the jury is made by counsel, will a refusal by the judge to comply with a request by opposing counsel for a reprimand or a rebuke of counsel, or for appropriate instruction to the jury, be a basis for review, without a motion for mistrial? *So. Ry. Co.* v. *Brown,* supra." The Supreme Court in *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711), answered the first question in the negative and the second and third questions in the affirmative. We have already pointed out that the argument was improper, counsel objected thereto as stated above, and the court failed to sustain the objection or to require opposing counsel to desist from such argument. This action of the judge is reviewable in this court, although no motion for a mistrial was made. *Brooks* v. *State,* supra. We are of the opinion that the judge erred in overruling the motion for new trial.

Grounds 6 and 7 of the motion for new trial are without merit.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I do not think that under the facts of this case the alleged improper argument of the solicitor-general was so injurious to the cause of the defendants as to require another trial. Furthermore, the motion for new trial discloses that when counsel for the defendants objected to the argument on the grounds that it was "prejudicial and without evidence to support it," he was interrupted by the solicitor-general, who stated: "I mean from this record. I say that from this record and from the facts appearing here in this trial, it is such a place." After this statement, counsel for the defendants made no further objection to the argument, and thereupon the court said: "Go ahead with your argument, Mr. Solicitor." The solicitor-general then repeated his alleged improper statements, but qualified them by

234

saying that they were authorized "from this record." Counsel for the defendants interposed no objection when the statements were repeated by the solicitor-general. Under these circumstances an inference arises that the judge may have reasonably concluded that counsel for the defendants had abandoned his objections when the solicitor-general stated that his argument was authorized by the evidence in the case. Presumably the judge was not a mind-reader, and he could not know that counsel had not abandoned his objections but had merely refrained from insisting on them for the reasons stated in the motion for new trial. It not clearly appearing that the judge understood that counsel for the defendants had not abandoned his objections to the argument, after the statement of the solicitor-general that it was supported by the evidence, I do not think the failure of the court to stop the argument, or to rebuke the solicitor-general, or to instruct the jury not to consider the argument, or to order a mistrial, was error. Especially is this true since counsel did not request the court to do any of these things.