27263. BURGAN *et al.* v. THE STATE.

Decided March 1, 1939.

*W. E. & W. G. Mann, M. L. Harris,* for plaintiffs in error.
*J. H. Paschall, solicitor-general,* contra.

Guerry, J. Each of the joint defendants in the present case first made a statement in his own behalf, and was then sworn and testified as a witness for the other defendants. Error is assigned because the court charged the jury in this connection only the following: "They have made statements to you in their own behalf,

in doing so they were not sworn; not subject to cross-examination without their consent. If they failed to tell you the truth, they incurred no penalty by reason of such failure. You may give to their statements whatever weight you may think they ought to have; you may believe it in part and reject it in part, believe it as a whole or reject it as a whole. You have the right to believe it in preference to the sworn evidence provided you believe it to be the truth." The defendants contend that such charge, while applicable to the defendants' statements, "eliminated and excluded from the jury the sworn testimony of each of the defendants as to his codefendants . . in effect deprived the defendants of the benefit of the sworn testimony of each of his codefendants." The objection is to the failure to charge that each defendant, having been sworn as a witness for his codefendants, his testimony should be considered in their behalf the same as that of other witnesses; and it is contended that the charge as a whole failed entirely to present this principle to the jury, and in effect excluded from the consideration of the jury the sworn evidence of the codefendants, and minimized its effect.

In *Staten* v. *State,* 140 *Ga.* 110 (78 S. E. 766), it was said: "Except in giving testimony under oath, none of the defendants made any statement." It was held error to charge the jury on the weight and credit of a statement. In *Collins* v. *State,* 153 *Ga.* 95, 100 (111 S. E. 733), two only of the four defendants, having testified under oath as witnesses, made unsworn statements in their own behalf. The court then charged, "Now these defendants . . have a right to make such statements, each of them, in their own behalf as they think proper," and then gave in charge the law in respect to statements of defendants, and also charged that each was sworn as a witness for the others, that their evidence should be given such weight and force as the jury thought proper, and that the jury should "give such force and weight to their statements" as was proper under the rules given. This charge was sustained. In *Cofer* v. *State,* 163 *Ga.* 878 (4) (137 S. E. 378), it appears from the record that while each of the defendants was sworn and testified in behalf of their joint defendants, their counsel and the solicitor agreed that their testimony was not to be considered as evidence in their own behalf, but only as statements. This agreement was approved by the judge. Exceptions were taken

to the failure of the judge to charge the jury on the subject of the defendants' statements. This ruling was approved, and the opinion stated that it would have been error so to charge. See *Brooks* v. *State,* 55 *Ga. App.* 227, 230 (189 S. E. 852). In *Burnsed* v. *State,* 14 *Ga. App.* 832 (82 S. E. 595), there were two defendants being tried jointly; both were sworn and both testified. Only one of them made a statement in his own behalf. The court charged that "the defendants [plural] have made statements in your hearing," and "these statements are not made under oath," and then gave in charge Code, § 38-415, in respect to statements of defendants. Under the ruling in the *Staten* case, supra, this charge was clearly error as to the defendant who had made no statement.

We do not think the charge is subject to the criticism offered; but we think the law is somewhat confused on this subject. In the *Staten* case, where none of the defendants made any statement, it was held error to charge upon the subject of the weight and credit to be given a defendant's statement in such a case. A defendant's testimony should be given the same weight and credit, and be considered on the same basis and under the same rules, as any other witness in the case. In the *Collins* case, where all four defendants testified, but, in addition, two of the defendants made statements in their own behalf, it was held proper to give in charge the law in respect to a defendant's statement *where it was also charged* that where each was sworn for the other, their evidence under oath should be given weight as evidence. It is hard to distinguish the facts in the *Cofer* case, for while each of the defendants was sworn and testified as a witness, it was also agreed that their evidence, in so far as it applied to their own cases, was to be considered a statement in their own behalf. The court there held that not only was it not error to fail to charge on the subject of statements, but that it would have been error to have given such principle in charge. In the *Burnsed* case the ruling in the *Staten* case applies, for it appears that the charge there made took away from the defendant who was sworn but who did not make an unsworn statement the right to have his testimony considered as testimony, but as a statement.

Under the facts as shown in the present case, each defendant was entitled, under the ruling in the *Collins* case, to have given in charge the law in respect to statements. Plaintiffs in error do not complain as to this, but each does complain that the charge as given,

without more, had the effect of eliminating the testimony of his codefendants, delivered in his behalf. In the *Collins* case the court expressly charged the jury that the evidence of the codefendants was to be considered by the jury in behalf of the other defendants. As was said in the *Burnsed* case, "the omission of the court to refer, in this instruction or in connection with it, to the competency of each of the defendants to testify generally as a witness, or in behalf of his codefendant, tended to exclude from the consideration of the jury the testimony" of the other joint defendants in behalf of the plaintiff in error. *Roberson* v. *State,* 14 *Ga. App* 557 (81 S. E. 798). In the opinion in the *Burnsed* case it was also said: "However, the circumstances under which one who is himself accused as a joint perpetrator of a crime takes the stand as a witness are so exceptional that we deem it to be better practice that the attention of the jury be directed to the exercise of this right upon the part of the accused, and that they be instructed that this testimony is to be given the same consideration as that of other witnesses." It will be noted that the *Burnsed* case was reversed on another ground. In the present case the court having charged generally on the weight and credit to be given sworn testimony, we do not think it was error to fail, without request, to call special attention to a joint defendant's sworn testimony. It is the better practice so to do, and upon request the jury's attention should be directed thereto. The evidence in this case amply supports the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*