28480. LANIER *v.* THE STATE.

DECIDED OCTOBER 2, 1940.

*W. Roscoff Deal, Carlton L. Purvis, D. C. Jones,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

MacINTYRE, J. 1. The defendant was convicted of assault with intent to murder. The evidence connecting him with the offense charged was sufficient to authorize the jury to find that the defendant was guilty, to the exclusion of every other reasonable hypothesis except that of his guilt.

2. Under one phase of the evidence the jury were authorized to find that there was a concert of action, and that the minds of Monts Lanier, the defendant, and Adcus Lanier, the defendant's brother, concurred and united in a common purpose. They conspired, "breathed together," in a common intent to stab and kill the prosecutor on the occasion in question. It would not be necessary that there be any prearrangement at some other former time or different place. *Bolton* v. *State,* 21 *Ga. App.* 184, 188 (94 S. E. 95). The judge did not err in charging to the jury the law of conspiracy.

3. The defendant did not set up either in his statement or in the testimony given by all the witnesses, including that of his brother, Adcus Lanier, that he stabbed the prosecutor to protect his brother. Indeed, his defense was that neither he nor his brother stabbed the prosecutor. Therefore no theory of defense was developed by the evidence for the defendant, or by his statement, that he was exercising the right of mutual protection as between brothers, under the Code, §§ 26-1015, 26-1016. There was

no error in not charging to the jury the law of mutual protection as provided in those sections. *Collins* v. *State,* 153 *Ga.* 95 (2), 102 (111 S. E. 733) ; *Ripley* v. *State,* 7 *Ga. App.* 679 (2) (67 S. E. 834) ; *Swain* v. *State,* 135 *Ga.* 219. (5) (69 S. E. 170) ; *Herrington* v. *State,* 125 *Ga.* 745 (54 S. E. 748).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*