31229.  WARREN *et al. v.* THE STATE.

*M. D. Dickerson, L. J. Courson,* for plaintiffs in error.

*H. W. Nelson, Solicitor-General, J. P. Knight, Jack Knight,* contra.

BROYLES, C. J.  Ches Warren and Jack Warren were jointly indicted for an assault with intent to murder, the indictment alleging that they, with malice aforethought, and with the intent to kill and murder H. A. Meyers, did assault and beat said Meyers with "an axe, a regular club axe, and a fat lightwood pine root about 14 inches long and about 2 inches in diameter, being weapons likely to produce death." Upon the trial, the jury found both defendants guilty of the offense charged. Their motion for a new trial was denied and that judgment is assigned as error.

The evidence, while conflicting, authorized the verdict, and the general grounds of the motion for a new trial are without merit.

Ground 4 of the motion for a new trial recites that on request of counsel for the defendants each defendant was sworn and testified in behalf of his codefendant, and then each defendant made an unsworn statement in his own behalf, and each defendant was then cross-examined by the solicitor-general. The court charged the jury upon the law of a defendant's statement to the jury. The ground assigns the charge as error for the reason that the legal effect of what both defendants said in their unsworn statements and in their sworn testimony was to constitute *both* the testimony and the unsworn statements as sworn testimony, and therefore that it was prejudicial error to charge upon the weight to be given a defendant's statement, since such a charge tended to minimize the defendants' sworn testimony. Counsel for defendants cite in support of their contention the following cases: *Roberson* v. *State,* 14 *Ga. App.* 557 (81 S. E. 798); *Burnsed* v. *State,* 14 *Ga. App.* 832 (2), 835 (82 S. E. 595); *Staten* v. *State,* 140 *Ga.* 110 (2) (78 S. E. 766); *O'Berry* v. *State,* 153 *Ga.* 880 (7) (113 S. E. 203); *Cofer* v. *State,* 163 *Ga.* 878 (4) (137 S. E. 378); *Brooks* v. *State,* 55 *Ga. App.* 227, 230 (189 S. E. 852). However, the facts in none of

those cases are comparable to the facts in this case. In the *Burnsed* case, two defendants were tried jointly and both were sworn and testified, *but only one of them made a statement to the jury*. The court charged that "the defendants [plural] have made statements in your hearing, and "these statements are not made under oath," and then charged the Code, § 38-415, relating to statements of defendants. Under the ruling in the *Staten* case, supra, the charge upon the statements of defendants was error *as to the defendant who had not made a statement*. In the *Staten* case, *none of the defendants had made an unsworn statement,* and the Supreme Court held that the judge erred in charging upon the weight to be given such statements. The facts in the *O'Berry* case distinguish it from this case. In the *Cofer* case, the original record discloses the following facts: Three men had been jointly indicted for a felony. On the trial, by agreement, they were tried together under the further agreement that each of them was to have the right to be sworn as a witness and testify for his codefendants, but such testimony was not to be considered as evidence for the defendant giving the evidence, but only as a statement in his behalf. *The court failed to instruct the jury upon the subject of a defendant's statement,* and the Supreme Court held that the failure was not error. And the court added: "In the circumstances, it would have been error to instruct the jury upon the subject of the defendant's statement." That additional ruling was unnecessary for a decision of the case, was clearly obiter dictum and is not controlling on this court. In the *Brooks* case, supra, where the facts were substantially similar to those of the *Cofer* case, this court held, under the authority of that case, that the failure of the judge to charge upon the subject of a defendant's statement was not error. However, this court did not repeat the obiter dictum in the *Cofer* case. There is another material distinction between this case and the *Cofer* and *Brooks* cases. In each of those cases, the defendants were sworn and testified as witnesses for their codefendants, *but made no unsworn statements to the jury*. It was merely agreed that each defendant's *testimony should be considered as his unsworn statement in his behalf*. In the instant case, the record clearly shows, that under the agreement made in open court, it was understood by the defendants, their counsel, counsel for the State, the judge and the jury, that each defendant should testify on oath

in behalf of his codefendants, and that, *when he had finished his testimony, he would make an unsworn statement in his own behalf.* And the record shows that all the provisions of the agreement were performed, and that the jury knew that each defendant had testified under oath in behalf of his codefendants, and then had made an unsworn statement for himself. The record further discloses facts which show that the jury knew when each defendant had finished his sworn testimony and when he began his unsworn statement.

Under these undisputed facts, when the court charged on the statement of defendants, and on the subject of the testimony of witnesses, the former charge did not "limit what each defendant said or testified to upon the trial, as to the weight and credit to be given thereto by the jury, to that of merely unsworn statements by each of said defendants in their own behalf, instead of the weight and credit as sworn testimony in the case," as contended by the defendants. The jury in this case clearly understood that the defendants had given both sworn testimony and unsworn statements, *and the judge had charged them generally on both subjects.* In the absence of a request for more particular instructions, the charge was not error. In *Burgan* v. *State,* 59 *Ga. App.* 524 (1 S. E. 2d, 603), headnote 1 reads: "Where A, B, C, and D are jointly indicted and jointly tried, and each makes a statement in his own behalf, and is then sworn as a witness and testifies in behalf of his codefendants, it is the better practice for the judge to call attention to the exercise of this right to testify, and that such testimony is to be given the same consideration as to the codefendants as that of any other witnesses. *It is not reversible error, however, for the judge, where there is no request, to fail so to do, where the general charge in respect to the weight and credit to be given sworn testimony is correctly given.*" (Italics ours).

The court's charge upon the subject of manslaughter is excepted to because it limited the jury's consideration to voluntary manslaughter only. Under the undisputed facts of the case the law of involuntary manslaughter was not involved and the court did not err in so holding. Moreover, the court *did charge on the law of assault and battery.* The charge was not error for any reason assigned. The following excerpt from the charge is assigned as error: "Now if you believe, beyond a reasonable doubt, that these

288

defendants, in the County of Berrien and State of Georgia, at any time within four years prior to the date of the finding and return of this bill of indictment into court by the grand jury, did assault the person named in the indictment, in the manner charged, with an instrument that in the manner it was used at the time was an instrument likely to produce death; that it was an assault without justification, excuse or mitigation; that it was done with the intent and purpose on the part of the defendants at the time of the assault to unlawfully kill and murder the person assaulted, and that if death had resulted from such assault it would have been murder, and you believe all that beyond a reasonable doubt, then and in that event you would be authorized, and it would be your duty, to find the defendants guilty of the offense of assault with intent to murder as charged in the bill of indictment." The charge was not error for any reason assigned; and the cases cited by movant are not here applicable.

The remaining special assignments of error show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED SEPTEMBER 27, 1946.