### 34119.  BALKCOM *v.* THE STATE.

GARDNER, P.J.  1. The defendant was indicted for murder and convicted of involuntary manslaughter in the commission of an unlawful act. The general grounds are abandoned. There are two special grounds. Special ground 1 complains because the court charged the jury in substance that if they had a reasonable doubt as to the guilt of the defendant of the offense of murder they should acquit him as to that offense. Then they should go further into the case and inquire as to a lower class of homicide embraced in the indictment, that is involuntary manslaughter in the commission of an unlawful act. In this connection the court charged the definition of involuntary manslaughter in the commission of an unlawful act. The court then charged the provision of law relative to a person intentionally and illegally pointing a pistol at another. Error is assigned upon these excerpts· as follows: (a) That it was unlawful to charge involuntary manslaughter under the evidence in the case; (b) that there is no evidence whatsoever that the defendant pointed a pistol at the deceased and no evidence that a gun in the hands of the defendant exploded and killed the deceased; that so far as the evidence discloses, the deceased could have been killed by a glancing bullet unintentionally discharged by the defendant.

Special ground 2 is based on an excerpt from the charge of the court to the effect that in the event the jury should find the defendant guilty they should fix his punishment at not less than so many years and not more than so many years. Then it would lie within the authority of the proper State authorities to formulate regulations whereby the defendant might be released after serving the minimum term fixed by the verdict. Error is assigned on this excerpt as follows: (a) That it is suggested that the defendant would, in all probability, be pardoned or paroled by the State Parole Board within a short time; (b) that such excerpt from the charge intimated to the jury that the court was of the opinion that the State Pardon and Parole Board might take a hand in the case and free the defendant within a short time; (c) that it is erroneous for the court to mention by inference or otherwise the authorities of the State to whom one convicted will be amenable by rules; (d) that the excerpts from the charge suggested that the defendant would serve only the minimum term.

2. Distinguished counsel for the defendant called our attention to *Leonard v. State,* 133 *Ga.* 435 (66 S. E. 251); *Carrigan v. State,* 206 *Ga.* 707 (58 S. E. 2d, 407); and *Hayes v. State,* 11 *Ga. App.* 371 (75 S .E. 523).

Counsel find no quarrel with the law expressed in these decisions but argue that since those cases hold that the gun must be intentionally pointed at another and the evidence here does not warrant the finding that the gun was intentionally pointed by the defendant at the deceased, we might here briefly state the facts: The defendant and a companion of his left a fish supper about 2:30 a.m. The defendant lived near the deceased. The deceased, Essie Mae Thomas, had gone into her house. The defendant requested of his companion the pistol of the companion, stating that he wanted to scare Essie Mae with it. He called Essie Mae from her house and she came out into the road and the defendant remarked: "You don't believe I will shoot you?" Essie Mae replied: "No." She was heard also to say: "Don't do it, don't do it." About that time the gun fired. The defendant was heard to say about five minutes before the shooting: "I am going to kill me somebody before day this morning." The defendant offered no evidence. He stated substantially that he wanted the gun to play with the deceased; that he didn't point it at her; that he had it in his hand and "by them playing and talking it went off."

The jury were authorized to infer that the defendant pointed the gun towards the deceased because the load struck her in the abdomen and caused her death. See *Clonts* v. *State*, 18 *Ga. App.* 707 (2) (90 S. E. 373). See in this connection, *Lee* v. *State*, 74 *Ga. App.* 212 (39 S. E. 2d, 426). Counsel for the defendant contends that the defendant was guilty of murder and not guilty of involuntary manslaughter under the facts. While it is true that there can be no involuntary manslaughter where the intention is to kill, however, it is well established that if there is any evidence to raise a doubt, even though slight regarding the intention to kill, the court is required to give in charge the law of involuntary manslaughter. There are numerous decisions to this effect. We call attention to only two: *Griffin* v. *State*, 18 *Ga. App.* 462 (5-8) (89 S. E. 537), and *Smith* v. *State*, 50 *Ga. App.* 105 (177 S. E. 76). The court did not err for any of the reasons assigned in special ground 1.

As to special ground two, this court said regarding this question: "The judge should always give this instruction to the jury in order that they may know the effect of the sentence." *Weeks* v. *State*, 63 *Ga. App.* 773, 776 (11 S. E. 2d, 670).

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 15, 1952.

*Carlton Mobley, H. T. O'Neal Jr.,* for plaintiff in error.
*Wm. M. West, Solicitor-General, Chas. F. Adams,* contra.