36465. CULLENS *v.* THE STATE.

DECIDED JANUARY 22, 1957.

*Emory L. Rowland, H. F. Tarbutton, Virgil Shepard,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.

TOWNSEND, J. ■ Special ground 1 assigns error on the charge of the court as follows: "Under our law a person charged with a crime is not permitted to give sworn testimony in his own behalf. He is permitted to make an unsworn statement, about which the court will presently charge you, but a defendant on trial on the charge of a crime is not permitted by law to make a sworn statement or give sworn evidence in his own behalf, but he may be sworn and testify . . . for the other defendant. So, gentlemen, I instruct you that the sworn testimony of each of these defendants upon this trial will be considered by you only on behalf of the other defendant and not on behalf of the defendant sworn and testifying: . . . "[Where] a defendant takes the stand as a witness and is sworn, his testimony is governed by the same rules of credibility of witnesses about which the court has charged you but it is limited to this, his sworn testimony shall be considered only on behalf of the other defendant. That applies to each of these defendants, each of whom has been sworn as a witness for the other defendant and you will so consider that sworn testimony, giving it such force, weight and credit as you think it entitled to receive under the other rules of law which the court has given you or may hereafter give you in charge." It is contended that this instruction might have the effect of minimizing in the minds of the jurors the weight of the evidence given by the defendants when they were testifying.

*Staten v. State,* 140 *Ga.* 110 (2) (78 S. E. 766), and *Roberson v. State,* 14 *Ga. App.* 557 (81 S. E. 798), cited by counsel for the plaintiff in error, hold that the trial court must not, when instructing the jury on the effect of the sworn testimony of one defendant in a criminal case given on behalf of a codefendant jointly on trial, instruct that this sworn testimony, as to the defendant giving it, has the same effect as an unsworn statement, as this tends to minimize the effect of the testimony. Those cases do not apply here for the reasons that (1) in those cases the defendants made no unsworn statement, while here each defendant, in addition to testifying for his codefendant, made an unsworn statement in his own behalf (this distinction is fully dveeloped

in *Warren* v. *State,* 74 *Ga. App.* 285, 39 S. E. 2d 704), and (2) in the present case both the defendants, their counsel, and the solicitor stipulated with the court "to a joint trial with the reservation by each of the defendants to give sworn testimony on behalf of the other defendant but not on his own behalf; each of the defendants further reserving the right to make an unsworn statement solely on his own behalf, and that such sworn testimony and unsworn statements should be so considered for all purposes in the joint trial of the cases." In *Burnsed* v. *State,* 14 *Ga. App.* 832, 835 (82 S. E. 595), and *Burgan* v. *State,* 59 *Ga. App.* 524, 527 (1 S. E. 2d 603), it is held that where a defendant testifies on behalf of a codefendant jointly on trial with him the circumstances "are so exceptional that we deem it to be better practice that the attention of the jury be directed to the exercise of this right upon the part of the accused, and that they be instructed that this testimony is to be given the same consideration as that of other witnesses." And in *Brooks* v. *State,* 55 *Ga. App.* 227, 229 (189 S. E. 852), although the exception was on a different ground (refusal to charge in the same connection on the statement as such), effect was given to a stipulation between counsel and the court that each defendant would have the right to testify in favor of the other, etc., citing *Cofer* v. *State,* 163 *Ga.* 878 (4) (137 S. E. 378) as authority.

In this case the court charged a correct principle of law, charged in accordance with the stipulation between counsel, charged correctly, and without exception, on the effect of the unsworn statement made by each defendant, and charged, as suggested in the *Burnsed* and *Burgan* cases, supra, that the *testimony* of each defendant be considered by the jury under the rules given in charge generally as to sworn testimony. Accordingly, this ground is without merit.

■ Error is assigned in special ground 2 on the following excerpt from the charge: "In the event you return a verdict fixing the punishment at not less than so many years and not more than so many years, and the defendant is sentenced to that term by you provided in your verdict, then it would lie within the authority of the proper State authorities to formulate regulations whereby the defendant might be released after serving the minimum term fixed by you in your verdict."

It has been held that it is error for the trial court to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles. *Thompson* v. *State,* 203 *Ga.* 416 (47 S. E. 2d 54); *Strickland* v. *State,* 209 *Ga.* 65 (70 S. E. 2d 710); *Davis* v. *State,* 92 *Ga. App.* 627 (1) (89 S. E. 2d 548). But it has been held proper to charge that where an indeterminate sentence is given "it would lie within the authority of the proper State authorities to formulate regulations whereby the defendant might be released after serving the minimum term fixed by the verdict," in order that the jury may know the effect of the sentence. *Balkcom* v. *State,* 86 *Ga. App.* 513 (1) (71 S. E. 2d 554); *Weeks* v. *State,* 63 *Ga. App.* 773, 776 (11 S. E. 2d 670). The reason that it is error to charge on the subject of parole is that this might influence the jury to give longer sentences on the supposition that defendants would be eligible for parole after serving one third of their term, and would not, therefore, serve their full sentence, when this fact is specifically pointed out to them. On the other hand, the Indeterminate Sentence Act is being applied by the *jury,* not by some other body, at the time such a sentence is meted out, and the jury cannot act intelligently without having some idea of what such a sentence means. This law and the rules applicable being more automatic and self-executing in nature are considered a proper subject upon which to inform the jury, and not subject to the objection that it would influence them to assess a greater punishment than they would without such information. The charge relating thereto was not error under these authorities, and certainly did not cause the jury to fix a more severe punishment, it appearing from the verdict that it was the minimum required by law and was not indeterminate in nature.

■ Archie Nelson testified that the defendants came up and searched his car, accusing him of drinking, but that he was not drinking and the automobile had merely choked up at an intersection. They told him to meet them after he got his check. When he did not do so they went to his house, accused him of drunk driving and driving without a license, but told him that if he gave them $20 he could avoid the trouble, and if not he would be locked up. Nelson testified that he gave them $10 and instructed them to come by the next Friday and he would give them

the other $10. He immediately reported this and, acting under instructions from another police officer, arranged for the defendants to return at a stated time. A police lieutenant gave Nelson two $5 bills marked for identification and, concealed in the house, saw the defendants drive up and blow their horn and saw Nelson go to the car and give them the money, which they accepted. Immediately afterward they were called in for questioning and the money was still on their persons. The defendants in their testimony and sworn statements stated that Nelson had not been drinking, that they had searched the car for lottery tickets; that he did not have his license with him; that he was so grateful to them for not arresting him that he asked them to come by his house so that he could give them a Christmas present, and that they did so. Thus, the defendants admitted and attempted to explain the facts proved by the State, and this explanation the jury did not believe. The evidence was accordingly sufficient to authorize the verdict, and the general grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*