## 48284. MOORE v. THE STATE.

PANNELL, Judge. 1. Where several defendants are jointly indicted, the overruling of one of the defendant's motion for severance, made on the ground that because two of the defendants were not going to be sworn so as to be subject to cross examination but make only an unsworn statement, the movant would be denied his rights to be confronted by his accuser and to cross examine the witnesses against him, was not error. The codefendants were not the defendant's accusers, neither were they witnesses against him. Nor was he denied the right of counsel, as further contended, because his counsel could not cross examine the co-defendants who would make unsworn statements under Code § 38-415. The codefendants making statements could have been cross examined with their consent. *Roberts v. State,* 189 Ga. 36 (1) (5 SE2d 340); *Porch v. State,* 207 Ga. 645 (3) (63 SE2d 902). Further, we know of no rule of law that would have prevented the appellant from offering the codefendants, including the one who entered a plea of nolo contendere and the other one who neither testified nor made a statement as witnesses in his behalf, if he thought they could and would testify favorably to him. See *Cullens v. State,* 94 Ga. App. 894 (1) (96 SE2d 540). We find no

abuse of discretion in refusing the motion for severance for the reasons urged. See Code § 27-2101 (Ga. L. 1971, pp. 891, 892; Ga. L. 1972, pp. 618, 619). We might add, however, that the unsworn statements of the codefendants in no way contradicted appellant's own version of the affair, but conformed therewith.

2. One of the enumerations of error is that "the trial court erred in not granting a motion for mistrial made by the appellant when comment was made by the State of the failure of the appellant to call witnesses on his behalf." The record does not disclose such a comment. The objection made is not proof of the factual grounds there stated. See *Johnson v. State,* 123 Ga. App. 857 (2) (182 SE2d 701). Aside from this, however, "[i]t is perfectly proper for the prosecuting attorney to comment on the fact that the defendant failed to adduce testimony in rebuttal of the State's evidence." *Berry v. State,* 123 Ga. App. 616 (1) (182 SE2d 166). See also *Vaughn v. State,* 126 Ga. App. 252, 263 (190 SE2d 609).

3. On sentence hearing the defendant objected to the admission into evidence of certified copies of a sentence and plea of guilty to a charge of "possession of dangerous drugs" in the Peoples' Court of the State of Colorado, Larimer County, and to the admission in evidence of a similar proceeding on a charge of burglary in the District Court of the Third Judicial District, Salt Lake County, State of Utah. The defendant testified that in both cases he was represented by the public defender who never discussed the case with him, and that they told him to plead guilty. When asked by the trial judge "did you voluntarily enter your plea," the defendant replied, "I was offered a deal," and when the question was repeated, replied, "yes, sir." Then the following questions were asked and the following answers given by the defendant: "Q. Mr. Moore, did you just tell the Judge you were offered a deal? A. Yes, sir. Q. And after that you entered a plea? A. Yes, sir. Q. On each of those two cases, are you saying that you were offered a deal before you entered a plea? A. Right. Q. And what was it on each one of the so-called deals? A. The one in Utah, they dropped two charges down to one, and the one in Colorado, they dropped another charge. Q. Were you told anything in advance on whether you would serve time or get a probated or suspended sentence? A. Well, in Colorado they told me that I would probably get a year in the county jail and in Utah they told me I would get probation. Q. Before you entered the plea? A. Right."

The defendant further testified the "deals" were made by his

attorneys. It appears that he was informed what the sentences would be on his pleas of guilty and that he received the sentences promised. Under these circumstances we cannot say a finding that the pleas were voluntarily and knowingly and intelligently made was not authorized. We find no error in admitting these pleas in evidence. See in this connection Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Mack v. Youmans,* 228 Ga. 223 (184 SE2d 648); *Dean v. Caldwell,* 229 Ga. 1 (189 SE2d 79); *Giles v. Ault,* 229 Ga. 593 (193 SE2d 619).

4. The evidence was sufficient to sustain the conviction. No error being shown, the judgment must be affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 28, 1973 — DECIDED SEPTEMBER 12, 1973.

*Frank K. Martin,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith,* for appellee.

