ingly, we leave the main issues involved in the case to be passed upon and determined when that hearing takes place.    *Judgment affirmed.*

---

## Young *et al. v.* The State.

Bleckley, C. J.—1. It has been so repeatedly ruled that assignments of error in admitting evidence cannot be considered when it does not appear what objection was made to the evidence at the time it was offered in the trial court, that the practice on this question ought to be considered as finally settled.

2. In charging the jury upon the law with reference to the possession of stolen property by one accused of the theft, the court should use the word "recent," but the omission to do so is not cause for a new trial in a particular case where it affirmatively appears that the possession in question was in fact a recent one.

3. Although the conviction was founded solely on circumstantial evidence, it is not cause for a new trial that the court, while instructing the jury as to the law of reasonable doubt, omitted to state in the same connection that the evidence must also exclude every other reasonable hypothesis but that of the guilt of the accused, the court having subsequently charged as follows: "In connection with indirect or circumstantial evidence the court charges you that the rule of law is, that the facts established by the evidence must not only be consistent with the defendant's guilt, but must exclude every other reasonable hypothesis."

4. Under the facts of this case, and in view of the rulings in *Jones* v. *The State,* 67 *Ga.* 242, and *Green* v. *The State,* 71 *Ga.* 487, it is not cause for a new trial that the court charged: "Circumstances satisfactorily proven which point to the guilt of the defendants, and which are irreconcilable with the hypothesis of their innocence, and which require explanation from them and may be explained by them if they be innocent, but which are not so explained, are sufficient to satisfy the conscience of a juror and justify him before that forum for rendering a verdict according to their almost unerring indication." See also *Everett* v. *The State,* 62 *Ga.* 65, text of opinion on page 72.

5. There was no error in refusing to give the following request to charge: "Where two or more persons reside in a house, the fact of stolen goods being found in the house is not evidence of the guilt of any one of the persons residing in the same; the possession must be traced to one or more of them specially."

6. There was sufficient evidence to warrant the jury in convicting

the accused, and the trial court did not abuse its discretion in refusing to grant a new trial.        *Judgment affirmed.*

October 15, 1894.

Indictment for cattle stealing. Before Judge Sweat. Camden superior court. March term, 1894.

George W. Owens, for plaintiff in error.

W. G. Brantley, solicitor-general, by Harrison & Peeples, *contra.*

---

## Tarpe v. The State.

Lumpkin, J.—The evidence to connect the accused with the burglary as a principal being wholly circumstantial, and while sufficient to raise a presumption against him, yet as it did not exclude every other reasonable hypothesis, but on the contrary the hypothesis that the burglary was committed by the woman with whom he lived being sustained, not only by her positive testimony but by physical facts established by other witnesses, the verdict for burglary was unwarranted by the evidence and the court erred in not granting a new trial. The evidence was sufficient to convict the accused as accessory after the fact, but this grade of offense was not charged in the indictment.        *Judgment reversed.*

October 8, 1894.

Indictment for burglary. Before Judge Clark. Fulton superior court. March term, 1894.

Dora Ella Tarpe and Tom Tarpe were jointly indicted for burglary. She pleaded guilty; he was tried and found guilty, and his motion for a new trial was overruled. She testified that she committed the crime, and that he had nothing to do with it. It appeared that the burglary was in the daytime, and that certain tracks found on the premises were woman's tracks. Most of the stolen articles were found in a room occupied by both Tom and Dora Ella Tarpe, who lived together but were not married. Among these articles was a guitar which Tom Tarpe pawned after the burglary. Numerous other circumstances were in evidence, but they need not be detailed here.