## ROBERTS v. THE STATE.

LEWIS, J. 1. Although the evidence relied on for a conviction was entirely circumstantial, it is not cause for a new trial that the court, while instructing the jury on the law of reasonable doubt, failed to state in the same connection that the evidence must also be consistent with the defendant's guilt, and must exclude every other reasonable hypothesis; the court having in another connection properly given to the jury this law on circumstantial evidence. *Young v. State,* 95 *Ga.* 456.

2. In passing upon a ground in a motion for a new trial alleging that one of the jurors empanelled was biased and prejudiced against the accused and had a fixed opinion of his guilt when taken upon the jury, the presiding judge occupies the position of a trior as to the juror's competency. In case of a conflict in the testimony had on the

hearing, this court will not interfere with the judgment of the trial judge overruling such a ground in the motion, unless his discretion appears to have been manifestly abused. There was no abuse of discretion in this case. *Hill* v. *State*, 91 *Ga.* 154.

3. It does not appear that the verdict was unwarranted by the evidence, and there being no error of law committed, the trial judge did not err in denying a new trial.

*Judgment affirmed. All the Justices concurring.*

Argued October 4,— Decided October 26, 1899.

Indictment for arson. Before Judge Littlejohn. Dooly superior court. February term, 1899.

*Allen Fort, Busbee & Busbee,* and *D. A. R. Crum,* for plaintiff in error. *F. A. Hooper, solicitor-general,* contra.