## JOHNSON v. THE STATE.

| 128   71|
|s130   23|

1. It appearing that the State relied upon circumstantial evidence to establish the guilt of the accused, it was not error for the court, after having properly charged the law as to circumstantial evidence, and when it is sufficient to warrant a conviction, to give in charge section 987 of the Penal Code, which provides that, "whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt."

2. The admission of testimony which is entirely immaterial and irrelevant to the issues being tried furnishes no ground for a new trial, unless the testimony is of such a nature as to prejudice the movant's cause before the jury.

3. On the trial of a defendant charged with murder, testimony going to show motive is material to the issue. Accordingly, where it appeared that the accused was an heir at law of the deceased, it was competent to introduce evidence tending to show that the defendant had spoken of money that his father was supposed to have deposited in bank; but it was error for the court to permit the State to go further and introduce testimony to show the financial condition of the defendant, and that he was in very indigent circumstances.

Submitted February 18,—Decided April 11, 1907.

Indictment for murder. Before Judge Mitchell. Colquitt superior court. December 28, 1906.

James Johnson was indicted for the murder of his father, J. A. Johnson. The evidence showed, that the deceased was shot and killed while sitting at his supper table, the fatal shot being fired by an unknown person from the yard. The testimony connecting the accused with the killing was circumstantial. A gun had been stolen from the house of a neighbor a few days prior to the killing, and this gun was found concealed in some bushes a short distance from the scene of the crime, shortly after the commission thereof. Footprints led from the house of the deceased to where the gun was concealed. The State attempted to connect the defendant with the larceny of the gun, and to show that he knew where it was concealed, and also to show the similarity of the footprints to those made by the defendant. The State also introduced testimony tending to show that the deceased had insurance upon his life and money in the bank, and that this fact was known to the defendant; and a witness for the State was permitted, over the defendant's objection, to testify that the accused was living in indigent circumstances

and in need of money. The jury found the defendant guilty, with a recommendation to mercy; and he assigns as error the court's refusal to grant a new trial.

*J. A. Wilkes,* for plaintiff in error. *John C. Hart, attorney-general,* and *W. E. Thomas, solicitor-general,* contra.

BECK, J. (After stating the facts.)

Discussion of the questions disposed of by the rulings in the first and second headnotes is unnecessary. The court's charge is not subject to any of the criticisms made upon it. Nor were any cf the rulings upon the admissibility of testimony shown to have been erroneous, save the one which we will take up for consideration. A witness for the State, over timely and proper objection, was permitted to give testimony to show that the accused was at the time of the homicide living in needy and indigent circumstances. The court had permitted the solicitor-general to introduce testimony tending to establish the fact that the defendant knew that the deceased, the father of defendant, had insurance upon his life, and that he had money in bank. The court properly admitted this testimony. The evidence in regard to the insurance, however, would be admissible only in case it should be made to appear that the accused was a beneficiary under the policy of insurance upon the life of the father, or that he believed himself to be a beneficiary. Such evidence is admissible under the rule that evidence going to show motive is always material and relevant to the issues on the trial of one for murder, where the accused denies the act of killing. If one by the death of another can reasonably expect to come into the immediate possession of property, that fact tends to show a motive for the murder on the part of the one to be profited by the deed. Filial affection has not always proved strong enough to resist the dictates of cupidity. And it was for the jury to say in this case whether the circumstances were such as to bring that passion into play. But we do not think that proof as to the financial condition of the accused sufficiently illustrated that question to render evidence in regard thereto admissible.

It may be argued that the pecuniary condition of one in need is relevant to show the probability of such a person's desiring to commit a crime in order to obtain money. But it is very far from being established that the poor and needy feel any more strongly the desire to obtain money than the opulent. Besides, to admit the

validity of the State's contention here, as is said.by a distinguished text-writer, would be, in its practical results, "to put a poor person under so much suspicion and at such a relative disadvantage that for reasons of fairness this argument has seldom been countenanced as evidence of the graver crimes, particularly of violence." 1 Wigmore on Ev. § 392. See also cases cited under that and the preceding section. "It is doubtless true that in a large class of cases the poverty or pecuniary embarrassments of a party accused of crime can not be shown as substantive evidence of his guilt. The reason for the exclusion of such evidence is that in those cases there is no certain or known connection between the facts offered to be proved and the conclusion which is sought to be established by it. It does not follow, because a man is destitute, that he will steal, or that when embarrassed with debt and incapable of meeting his engagements he will commit forgery." Com. v. Jeffries, 7 Allen, 548, 559, 566. A fortiori, it does not follow that because a man is destitute he will commit a crime involving the element of violence. The distinction is clear between the case under consideration and a case of embezzlement, or larceny, or robbery, where the State was permitted to show that at the time of, and just before the commission of the crime, the accused was poor and needy and in limited circumstances, and that shortly afterwards he was seen in possession of money or property. We can not say that the evidence admitted was not calculated to harm the defendant and prejudice his cause, and in the interest of fairness and justness a new trial must be granted.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*