### 4689.   PYLES v. THE STATE.

POTTLE, J.   1. An instruction to the jury in a criminal case, that, where the defense of alibi is relied on, the burden is on the accused to establish this defense "to your satisfaction," is not erroneous, when, in immediate connection therewith, the jury are instructed to consider the testimony in reference to the special defense along with all of the evidence in the case, and that, in order to convict, the jury must be satisfied of guilt beyond a reasonable doubt, after considering all of the evidence and the prisoner's statement.   The omission of the word "reasonable" before satisfaction is not reversible error.   See *Ledford* v. *State*, 75 *Ga.* 856; *Harris* v. *State*, 120 *Ga.* 167 (47 S. E. 520).   In *Harrison* v. *State*, 83 *Ga.* 130 (9 S. E. 542), the Supreme Court has laid down the rule touching alibi which it would be well for the trial judges to follow; but the charge in the present case is not erroneous when tested by that decision.   Nor is the instruction here complained of subject to the objections pointed out in *Raysor* v. *State*, 132 *Ga.* 237 (63 S. E. 786).

2. The evidence fully authorized the verdict.          *Judgment affirmed.*

DECIDED MAY 6, 1913.

Accusation of sale of liquor; from city court of Polk county—Judge Irwin.   January 27, 1913.

*Bunn & Trawick,* for plaintiff in error.

*J. A. Wright, solicitor,* contra.