CASON *v.* THE STATE.

GEORGE, J.  1. On the trial of one charged with murder, it was not error to allow a witness for the State to testify as to a difficulty between the accused and the deceased, nine days before the homicide, and as to threats made by the accused on the occasion of the difficulty. *Helms* v. *State,* 138 *Ga.* 826 (2), 830 (76 S. E. 353).

2. In one ground of the motion for new trial complaint is made of a ruling of the court allowing the State to impeach a witness voluntarily called by it by proof of contradictory statements previously made by the witness, over the objection that the State had failed to show that it had been entrapped by the witness. Neither the testimony of the witness for the State delivered on the trial of the accused, nor the testimony of the witness called to impeach him, is set out in the motion for new trial, or attached thereto as an exhibit. Under the ruling in *Moore* v. *State,* 130 *Ga.* 322 (1), 331-332 (60 S. E. 544), this assignment of error is incomplete and can not be considered.

3. In his argument to the jury counsel for the plaintiff in error stated: "Gentlemen, at the very worst this case is only a duel; it is not murder. There was a time, long past, in Georgia, when men fought duels and nothing was done with them about it, even if killing one of the duelists resulted." Whereupon the court interrupted counsel: "Do you mean to argue to this jury that they did not violate the law in fighting duels?" To the inquiry by the court counsel replied: "No, I do not. There might have been a law against it, but it was not enforced, but was winked at." To this statement the court replied: "Yes, and it was murder, too." The error assigned is that the inquiry and rejoinder by the court amounted to an expression of opinion that movant was guilty of murder. The statement by the court does not amount to an expression of opinion upon the facts of the case.

4. It is insisted that the evidence, taken most strongly against the accused, authorized a verdict for voluntary manslaughter only, and that the verdict finding the accused guilty of murder is without evidence to support it. The evidence strongly indicated a case of voluntary manslaughter, but we can not say that the verdict is without legal evidence to support it. It has the approval of the trial court, and no error of law is made to appear.

*Judgment affirmed. All the Justices concur.*

No. 951.  OCTOBER 16, 1918.

Indictment for murder.  Before Judge Crum.  Wilcox superior court.  October 16, 1918.

*M. B. Cannon* and *Max E. Land,* for plaintiff in error.

*Clifford Walker, attorney-general, J. B. Wall, solicitor-general, Hal Lawson,* and *M. C. Bennet,* contra.