### O'BERRY *et al. v.* THE STATE.

HILL, J.  1.  On the trial of one charged with murder, the following material evidence of a witness, with reference to utterances of the deceased after he had been shot, was not inadmissible on the ground that it was merely the conclusion of the witness; it is a statement of fact; to wit: " Yes, hollered like a man in distress some way, hollered for help, mercy, or something like that.  I could not say just positively what I understood him to say, but a distressful hollering." See *Vincent* v. *State*, 153 *Ga.* 278 (112 S. E. 120) ; *Pride* v. *State*, 133 *Ga.* 438 (66 S. E. 259).

2.  It was not error to allow a witness to testify, over the objection that it was the conclusion of the witness without giving facts upon which to base such conclusion, the following: " I would think it would leave a sign on his hat to bust a man's forehead and not hurt the hat, and leave no sign on it looks impossible to me like; I might be wrong," where it appears from the evidence in the record that the witness did give facts upon which to base such conclusion.

3.  It was error to admit the following evidence of the sheriff, over objection that it was irrelevant, argumentative, and was merely the conclusion or opinion of the witness: " Generally I feed the boys three times a day and talk with them, and I asked them what did they think about it; and they said they did not know, what did I think about it; and I told them, ' I don't hardly know, boys.' I says, ' They have convicted your mother; and if you boys continue with your same story, I believe they will convict both of you;' and they said, well, how would they do, and I told them the only chance I seed for them about this, from what I knew about it and so on, would be to plead guilty to get out of it, and they might put up some defense and get a life imprisonment."

4.  Ground 5 of the motion for new trial with reference to the alleged disqualification of one of the jurors is not approved by the trial judge, and will not, therefore, be considered.

5.  Error is assigned on the ground that the judge did not " define what circumstantial evidence was, so that the jury might know . that the evidence of the State in the case depended wholly upon circumstantial evidence." The court did charge the jury: " To authorize conviction

on circumstantial evidence the proved facts must be consistent with the theory or hypothesis of guilt, and must exclude every other reasonable hypothesis except that of the guilt of the accused." A failure of the court specifically to define what circumstantial evidence was, in the absence of a timely request, will not require a reversal.

6. "Alibi, as a defense, involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." *Mathis* v. *State,* 153 *Ga.* 105 (111 S. E. 567). Under the evidence in this case it was not error to fail to charge on the subject of alibi.

7. The court charged the jury as follows: "The wife has not the right to testify in behalf of the husband, but the wife has the right to testify in behalf of the defendant jointly with the husband, and her testimony is to be considered by the jury on behalf of the joint defendant, where the joint defendant is on trial with the husband, along with all other evidence in the case." This charge was error in view of the fact that the wife, without objection, was permitted to give testimony material to the case and beneficial to both of the defendants. And see *Staten* v. *State,* 140 *Ga.* 110 (78 S. E. 766).

8. The following charge was not error on the ground that it excluded from the consideration of the jury the *statements* made by the defendants, etc.: "The issue in the case, gentlemen of the jury, whether the defendants, or either of them, are or are not guilty under the evidence that has been submitted before you in this case and the rules of law as given you in charge, is solely and exclusively for you gentlemen to determine." *Taylor* v. *State,* 131 *Ga.* 765 (63 S. E. 296).

9. Other assignments of error are without merit.

10. As the case goes back for another trial, we express no opinion on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*

No. 3216.    AUGUST 17, 1922.

Indictment for murder. Before Judge Highsmith. Appling superior court. April 1, 1922.

William O'Berry and Onley O'Berry were jointly indicted and tried for the murder of Lee O'Berry. The jury returned a verdict of guilty as to both, and recommended them to the mercy of the court. A motion for new trial was overruled, and the defendants excepted.

*Vernon E. Padgett* and *Wade H. Watson,* for plaintiff in error.

*George M. Napier, attorney-general, Alvin V. Sellers, solicitor-general, Seward M. Smith, assistant attorney-general, C. H. Parker,* and *J. B. Moore,* contra.