## WILLIAMS *v.* THE STATE.

1. Upon a trial for uxoricide, testimony that about a week before the night of the alleged offense the witness heard the wife scream, saying, "Don't hit me; don't kill me," and the husband say, "You talk too much," was not subject to be excluded on the objection that it was irrelevant, of no probative value, and isolated and unconnected with the alleged offense; it having been proved that on the night referred to the house wherein the man and wife lived was burned, and that the charred body of the wife, heavy with child, was found in the ruins.
2. The jury was authorized to find that the corpus delicti was proved.
3. This being a capital case, failure to pay the costs in this court or to file a sufficient pauper affidavit will not result in dismissal of the writ of error; but, in default of payment within fifteen days, execution for the costs shall issue against the plaintiff in error and his attorneys.

No. 4649. MARCH 11, 1925.

Murder. Before Judge Park. Jones superior court. November 24, 1924.

*J. C. Barron* and *W. W. Burgess*, for plaintiff in error.

*George M. Napier*, attorney-general, *Joseph B. Dukes*, solicitor-general, *T. R. Gress*, assistant attorney-general, *Doyle Campbell*, and *A. Y. Clement*, contra.

BECK, P. J. 1. The plaintiff in error was tried and convicted of the offense of murder. The decedent was his wife. On the night of the alleged homicide the house in which the accused and the decedent lived was destroyed by fire. The body of a woman, heavy with child, was found in the debris of the burnt house. The body had been so badly burned that her features were not recognizable, but there was evidence tending to show that the body of the woman found partially charred was that of the decedent. On the trial of the case a witness for the State was allowed, over the objection of counsel for the accused, to testify that just about a week before the fire which destroyed the house she heard screams and holloing, and a woman begging a man not to hurt her, and "heard him quarrelling." She heard the woman say, "Don't hit

9

me, don't kill me," and she heard the man say, "You talk too much." The witness testified that she had heard the man and woman talk before, that she knew them, and that to the best of her knowledge the voices that she heard were those of the accused and his wife. To the admission of this testimony timely objections were made on the grounds that "the evidence was irrelevant, inadmissible, and of no probative value; that, before evidence of a previous quarrel would be admissible against the defendant, some connection must be shown between the previous quarrel and the offense for which the defendant was indicted; . . that isolated and unconnected quarrels were inadmissible against the defendant." The objections were overruled, and upon this ruling the defendant assigned error in his motion for a new trial. There is no merit in this exception. This case differs in its facts from that of *Miller* v. *State,* 158 *Ga.* 697 (124 S. E. 195). In that case the evidence of difficulties between the husband and wife which the State offered to prove related to happenings that had taken place years before the homicide; and it was held that under the circumstances such testimony was inadmissible, as it tended to throw no light upon the issue being tried. And stress was laid upon the fact, in the *Miller* case, that "the evidence objected to was not shown to be acts of cruelty or ill treatment upon the part of the husband towards the wife, and nothing was shown as to the character of the 'row' or 'fuss' between the husband and wife, so that it could be determined that those transactions had any relevancy on the questions at issue." In the present case, the screams of the wife imploring the husband not to hit her and not to kill her were heard only about a week before the homicide. The evidence was clearly admissible, it being a question for the jury to decide whether the voices which the witness heard were actually the voices of the accused and his wife.

2. The evidence authorized the jury to find that there was sufficient proof of the corpus delicti, and to return a verdict of guilty against the defendant.

3. This being a capital case, in which the extreme penalty has been imposed, the bill of exceptions will not be dismissed for failure to pay the costs or file the proper pauper affidavit; but it is directed that the costs be collected from the plaintiff in error and his attorneys, in accordance with the provisions of rules 14 and 15

of. this court, as contained in sections 6232 and 6233 of the Code. The clerk of this court is directed to notify counsel for plaintiff in error of this decision; and upon their failure to pay the costs within 15 days, let the clerk issue execution therefor in accordance with the rules cited above.

Judgment affirmed. All the Justices concur.

GILBERT, J., concurs in the judgment.