### 18599. LEE *v.* THE STATE.

BROYLES, C. J. 1. The evidence relied on by the State to convict the defendant of the offense charged was partly direct and partly circumstantial. Therefore it was not error for the court to instruct the jury upon the law of circumstantial evidence. In the absence of a proper written request therefor, the failure of the court to define to the jury "direct and positive testimony" and "circumstantial testimony" was not harmful error. *O'Berry* v. *State,* 153 *Ga.* 880 (5) (113 S. E. 203).

2. The court properly instructed the jury that "when alibi is relied on

Criminal Law, 16 C. J. p. 533, n. 8; p. 1009, n. 7; p. 1013, n. 50; p. 1056, n. 20.

as a defense, the burden of proof is on the accused to prove the alleged alibi to the reasonable satisfaction of the jury." *Collier* v. *State*, 154 *Ga.* 68 (5, 6), 79 (113 S. E. 213), and cit.; *Jones* v. *State*, 130 *Ga.* 274 (8) (60 S. E. 840); *Cochran* v. *State*, 113 *Ga.* 726 (39 S. E. 332); *Pyles* v. *State*, 12 *Ga. App.* 667 (78 S. E. 144).

3. The court instructed the jury as follows: "The credibility of all witnesses is for the jury, and it is for the jury to find what has or what has not been proven in the case." This charge was not harmful error because of not being in the exact language of the statute (Penal Code of 1910, § 1054), which is as follows: "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." Nor was it error for the court to fail to charge, in this connection, section 1052 of the Penal Code (relative to impeachment of witnesses by contradictory statements), in the absence of a proper written request so to charge. The charge given upon the credibility of witnesses did not open up the subject of impeachment of witnesses; and it is well-settled by numerous and repeated decisions of this court and of the Supreme Court that the trial court is not obligated to charge upon impeachment of witnesses, in the absence of a timely and appropriate written request for such instructions.

4. The verdict was authorized by the evidence.

　　　　　*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

　　　　　Decided January 10, 1928.

Assault with intent to murder; from Treutlen superior court—Judge Graham. October 5, 1927.

*W. A. Dampier, Saffold & Sharpe, H. E. Coates,* for plaintiff in error. ʹ

*M. H. Boyer, solicitor-general, J. S. Adams, D. R. Jackson,* contra.