BARBEE *v.* THE STATE.

No. 9341.   JULY 12, 1933.

*Howard E. Coates* and *John J. Blount,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, M. H. Boyer, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

ATKINSON, J.   J. F. Barbee was convicted, without any recommendation, of the murder of Delmar Cannon by shooting him with a pistol. The verdict was based in part on material testimony of Maude Cannon, daughter of the defendant and wife of the deceased, who was introduced as a witness for the State. The defendant's motion for a new trial was denied, and on exception the judgment of the trial court was affirmed. *Barbee* v. *State,* 175 *Ga.* 307 (165 S. E. 232). Thereafter the defendant made an extraordinary motion for a new trial, based on alleged newly discovered evidence as follows: "About a week after the said James F. Barbee was tried for the offense of murder in Pulaski superior court at the September term, 1931, deponent attended a party in Macon, Georgia, at which Maude Cannon, daughter of James F. Barbee, was present; that during the evening the said Maude Cannon during a conversation with deponent told deponent that the reason why the said Maude Cannon swore as she did on the trial of her father, the said James F. Barbee, that she was forced to do so by her mother-in-law, Mrs. Pearl Cannon, that the said Mrs. Cannon told the said

Maude Cannon if she did not swear that her father James F. Barbee was the father of the child born to the said Maude Cannon in Laurens County, the said Maude Cannon would see, the said Mrs. Pearl Cannon said that, that Maude Cannon would attend another party similar to the one they were then attending, and that the said Maude Cannon would never get away alive." This alleged newly discovered evidence was merely impeaching in character, and would not likely produce a different result on another trial, and consequently will not cause reversal of the judgment denying the defendant's extraordinary motion for a new trial.

*Judgment affirmed. All the Justices concur.*