## POUND *v.* THE STATE.

BELL, Justice. 1. The trial judge charged the jury as follows: "Where the case depends for a conviction on circumstantial evidence, as it does in this case, before there can be a conviction the evidence must be so strong as to exclude every other reasonable hypothesis save that of the guilt of the accused, and must also be inconsistent with his innocence." This charge, though not in the identical language of Penal Code (1910), § 1010, relative to circumstantial evidence, was a substantial, and therefore a sufficient, statement of the provisions of that section. *Thompson* v. *State*, 166 *Ga.* 512 (12 *a*) (143 S. E. 896).

2. It was not cause for a new trial that the court, immediately after instructing the jury as indicated above, gave in charge section 1013 of the Penal Code, as follows: "Whether dependent on positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient testimony to satisfy the minds and con-

science beyond a reasonable doubt." *Johnson* v. *State*, 128 *Ga*. 71 (57 S. E. 84) ; *Thompson* v̇. *State*, 166 *Ga*. 758 (4) (144 S. E. 301).

3. There is no merit in the contention that the charge referred to in paragraph 1 above tended to "intimate that there was direct evidence before the jury which they might consider." *Thompson* v. *State*, 166 *Ga*. 512 (143 S. E. 896).

4. Even though the case depended solely on circumstantial evidence, the failure of the court, without request, to define direct and circumstantial evidence was not cause for a new trial. *O'Berry* v. *State*, 153 *Ga*. 880 (5) (113 S. E. 203) ; *Lee* v. *State*, 37 *Ga*. *App*. 632 (141 S. E. 317).

5. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 10451. JANUARY 16, 1935.

*Pierce Brothers,* for plaintiff in error..

*M. J. Yeomans, attorney-general, George Hains, solicitor-general, John M. Graham, B. D. Murphy,* and *J. T. Goree,* contra.