AYCOCK *v.* THE STATE.

No. 12837.   July 12, 1939.   Rehearing denied July 27, 1939.

554

558

*Shelby Myrick,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr., C. E. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

DUCKWORTH, Justice. █ In ground 1 of the amendment to the motion for a new trial complaint is made because the court failed to charge the jury on the contentions of the defendant, or refer to them, to wit: (a) that he did not commit the crime with which he was charged; (b) that he was not present at the place of the offense at the time it was committed; and (c) that the offense was committed by another person. The court charged the jury that the defendant had entered a plea of not guilty, which placed the burden upon the State to prove the material allegations of the indictment. The court also charged the jury fully on the subject of alibi. The record discloses no request from the defendant for any specific charge; and the general charge, embracing as it did the contention of the defendant that he was not guilty, was not subject to the criticism here made. In *Fouts* v. *State,* 175 *Ga.* 71 (6) (165 S. E. 78), it was said: "The court did not err in failing to charge the jury upon the subject of the effect of the intoxication, if she was intoxicated, of the woman alleged to have been raped. While that was a question which the jury might consider, the trial court was not under necessity of taking up various phases of the evidence and submitting them to the jury for their consideration." Compare *Southern Cotton Oil Co.* v. *Thomas,* 155 *Ga.* 99 (4) (117 S. E. 456); *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016); *Mobley* v. *State,* 51 *Ga. App.* 459, 461 (180 S. E. 755).

█ In ground 2 error is assigned upon the following charge:

"To this indictment, gentlemen of the jury, the defendant in the case at bar has entered a plea of not guilty, and that plea puts in issue not only every material allegation in the indictment but the guilt of the defendant thereunder." It is contended that this charge was error, because (a) it was an incorrect statement of the law; (b) it omitted any reference to the innocence of the defendant, and the last clause should have been "the guilt or innocence of the defendant thereunder;" in failing to refer to the innocence of the defendant there was suggestion or intimation that he was guilty; and (d) it unduly stressed the guilt of the defendant. It is well established in this State that the charge to the jury must be taken as a whole and each part thereof considered in connection with every other part of such charge. See *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13); *Smith* v. *State,* 175 *Ga.* 361 (165 S. E. 231); *Lee* v. *State,* 179 *Ga.* 766 (177 S. E. 555); *Lanier* v. *State,* 187 *Ga.* 534 (6) (1 S. E. 2d, 405). The sole criticism of this excerpt of the charge is that the court failed to use the word "innocence." When the other portions of the charge are considered, it is apparent that no possible injury to the defendant resulted from this charge. Immediately following the excerpt here excepted to the court charged as follows: "Now, I charge you that that plea of not guilty places the burden upon the State to establish his guilt beyond a reasonable doubt, and so as to exclude every other hypothesis save that of his guilt," and immediately thereafter the court instructed the jury that the defendant entered upon the trial with the presumption of innocence in his favor, and that such presumption continued with him until the State offered evidence to establish his guilt beyond a reasonable doubt and to exclude every reasonable hypothesis save that of his guilt. The instruction excepted to was not erroneous for any reason assigned.

■ Ground 3 complains of the charge on the subject of alibi, because the court omitted (a) "to further charge the jury that the defendant should be acquitted if he established an alibi to the reasonable satisfaction of the jury, and that an alibi as an independent defense should not be confused with the other issues in the case;" and (b) "to further charge the jury that even though the jury did not believe the defense of alibi had been established, yet they should consider the testimony on the subject of alibi along with the other evidence in the case; and if the evidence with refer-

ence to alibi in connection with the other evidence caused the jury not only to entertain a reasonable doubt as to the guilt of the defendant, but to believe that the evidence was not such as to exclude every other reasonable hypothesis save the guilt of the accused, they should acquit him." The court charged the jury on the subject of alibi in almost the exact language of a written request of the defendant, defined alibi as a defense in terms of the law, instructed the jury that it should be established to the reasonable satisfaction of the jury and not beyond a reasonable doubt, and instructed them also that the evidence of alibi should be considered with the other evidence in the case, and if the jury entertained a reasonable doubt as to the guilt of the defendant it was their duty to give him the benefit of that doubt and acquit him. This charge was not confusing or misleading, as contended by the defendant, but on the contrary clearly and properly instructed the jury on the law applicable. It appears that the main complaint is that the court failed, in connection with the instruction that if the jury entertained a reasonable doubt they should give him the benefit of that doubt and acquit him, to add the circumstantial-evidence rule that to convict the evidence must exclude every reasonable hypothesis save that of the guilt of the accused. This ground is without merit, first, because the charge as given was identical in every material respect with the request made by the defendant (*Southern Railway Co.* v. *Coursey*, 115 *Ga.* 602 (3), 41 S. E. 1013; *Fulford* v. *State*, 149 *Ga.* 162, 99 S. E. 303; *Brenner* v. *Wright*, 185 *Ga.* 280 (6), 194 S. E. 553) ; and second, because elsewhere in the charge the court fairly and fully instructed the jury on the law applicable to circumstantial evidence; and, in addition, in a number of other portions of the charge this circumstantial-evidence rule was repeated.

■ Ground 4 complains of the following charge: "The court having already stated to you, gentlemen of the jury, of course, that if you believe the State has established the case beyond a reasonable doubt, established him to be guilty beyond a reasonable doubt, it would be their duty to find him guilty." The complaint is that this charge followed immediately the charge on alibi, and was erroneous because it was confusing and misleading on the defense of alibi, and eliminated from the consideration of the jury the fact that before they could convict they would not only have to believe

■

the defendant guilty beyond a reasonable doubt but that his guilt must be established to the exclusion of every other reasonable hypothesis; and that the charge nullified the effect of previous portions of the charge that the jury could not find the defendant guilty unless they believed the facts proved were not only consistent with the hypothesis, but excluded every other reasonable hypothesis save that of the guilt of the accused. It is not required by the law that the judge in giving his charge to the jury must repeat every legal principle applicable to the case every time he gives instructions upon a particular phase of the case. As stated in division 3 of this opinion, the jury was fully and clearly instructed on the circumstantial-evidence rule, and they could not have failed to understand from the instructions given that before they would be authorized to convict, the evidence, in addition to establishing the guilt of the defendant beyond a reasonable doubt, must exclude every reasonable hypothesis other than that of his guilt. In *Roberts* v. *State*, 110 *Ga.* 253 (34 S. E. 303), it was said: "Although the evidence relied on for a conviction was entirely circumstantial, it is not cause for a new trial that the court, while instructing the jury on the law of reasonable doubt, failed to state in the same connection that the evidence must also be consistent with the defendant's guilt, and must exclude every other reasonable hypothesis; the court having in another connection properly given to the jury this law on circumstantial evidence. *Young* v. *State*, 95 *Ga.* 456 [20 S. E. 270]." See also *Carr* v. *State*, 84 *Ga.* 250 (4) (10 S. E. 626); *Bryant* v. *State*, 153 *Ga.* 534 (113 S. E. 4); *Davis* v. *State*, 153 *Ga.* 669 (111 S. E. 11); *Durham* v. *State*, 177 *Ga.* 744 (4) (171 S. E. 265); *Pound* v. *State*, 180 *Ga.* 83 (178 S. E. 291). This ground of exception is without merit.

■ In ground 5 complaint is made because the court failed to charge Code § 38-1806, in connection with the subject of impeachment. On that subject the court charged the jury, in part, as follows: "That is a matter that essentially rests with the jury, for them to determine, and they are to say who is speaking the truth, and which one has been impeached, if any, and whether they have been sustained by corroborating evidence, and, in its last analysis, where the truth of the testimony lies. . . When a witness has been successfully impeached, where his unworthiness

of credit has been absolutely established in the minds of the jury, he ought not to be believed, and it is the duty of the jury to disregard his entire testimony, unless it is corroborated." It is apparent that the substance of the Code section referred to was given to the jury in charge, and there is no merit in this exception because of that fact. A further reason why this assignment is without merit is that the question of impeachment is a collateral matter; and a failure to charge upon the subject of impeachment, in the absence of an appropriate request, is not cause for a new trial. *Downing* v. *State,* 114 *Ga.* 30 (3) (39 S. E. 927); *Howell* v. *State,* 160 *Ga.* 899 (12) (129 S. E. 436); *Douberly* v. *State,* 184 *Ga.* 573 (5) (192 S. E. 223). This ground is without merit, for the further reason that the charge as given was practically verbatim with the request of the defendant.

■ Ground 6 complains of the following charge: "When a witness has been successfully impeached, where his unworthiness of credit has been absolutely established, in the minds of the jury, he ought not to be believed, and it is the duty of the jury to disregard his entire testimony, unless it is corroborated, in which case the jury may believe the witness, it being as a matter of course always for the jury to determine whether a witness has or has not in fact been impeached, and whether the witness is speaking the truth." It is contended that this charge did not set forth the law correctly as to when the jury should entirely disregard the testimony of a witness, and failed to use the words "by any of the legal methods" after the words "when a witness has been successfully impeached," which words were embraced in the written request of the defendant. It must be noted that the ground of complaint is not that the court failed to charge the jury on the different modes of impeachment, but rather that he failed to use the words "by any of the legal methods," and clearly this criticism is without merit. Nor did the charge fail to set forth correctly the law as to when a jury should entirely disregard the testimony of a witness.

■ The defendant excepted to three excerpts of the charge; one where the jury were instructed that if they believed the defendant guilty beyond a reasonable doubt, it was their duty to find him guilty; another where the jury were instructed that if they believed the defendant guilty beyond a reasonable doubt, it was

their duty to convict him, and the form of the verdict would be "We, the jury, find the defendant guilty;" and another where the jury were instructed that if they believed the defendant not guilty under all the evidence, the defendant's statement, and the charge of the court, or under his defense, or if they believed the State had not established his guilt beyond a reasonable doubt, they should acquit him, and the form of the verdict would be "We, the jury, find the defendant not guilty." The criticism of these three excerpts was that they were misleading and confusing, and authorized the jury to convict if they believed the defendant guilty beyond a reasonable doubt, when as a matter of fact the evidence was entirely circumstantial, and the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused; and that the charges being in the latter portions of the court's charge, they tended to weaken and nullify the previous charge on the subject of circumstantial evidence and the degree of proof required to authorize a conviction; and that the words "the court having already stated to you, gentlemen of the jury, of course," were confusing and led the jury to believe the previous portions of the charge on the circumstantial-evidence rule were not applicable. This criticism is but a repetition of the criticisms in previous grounds of the motion for new trial, and in substance it complains because the court failed to repeat the circumstantial-evidence rule. As already stated in this opinion, the charge as a whole fairly instructed the jury on the circumstantial-evidence rule. See *Young* v. *State,* 95 *Ga.* 456 (3) (20 S. E. 270) ; *Bitting* v. *State,* 165 *Ga.* 55 (139 S. E. 877) ; *Thompson* v. *State,* 166 *Ga.* 758 (4) (144 S. E. 301) ; *Canady* v. *State,* 171 *Ga.* 11 (5) (154 S. E. 332). The instructions excepted to were not erroneous for any reason assigned.

■ Ground 8 is based upon the contention that George Hall, a material witness for the State, committed perjury on the trial; that his testimony was most material, and was the only evidence which placed the defendant at the scene of the homicide at the time of or immediately after its commission; and that the verdict convicting the defendant was based either in whole or in part upon perjured testimony. This ground sets forth the testimony of the witness Hall and the names of witnesses who on the trial testified to facts contradicting the testimony of Hall, and the names of four wit-

nesses who testified to the bad character of George Hall, and that he had been convicted of an offense involving moral turpitude. Also are set forth a large number of affidavits showing the good character of the witnesses who testified to the bad character of George Hall, and also affidavits of the defendant and his attorneys, James N. Rahal and Shelby Myrick, that they had no previous knowledge of the witnesses whose affidavits were given, and that they were unable to procure the same before this time. It appears from the allegations and from the exhibits attached to this ground that the question whether George Hall was impeached, committed perjury, or was worthy of belief, as well as the worthiness of the defendant's witnesses, was considered and determined by the jury, who by law are made the sole judges of the credibility of witnesses and of their testimony. Code, § 38-1805; *Huff* v. *State,* 104 *Ga.* 521 (30 S. E. 808); *Getling* v. *State,* 166 *Ga.* 160 (2) (142 S. E. 685). Ground 15 is based on alleged perjury of the witness Kent, who testified that George Hall was not the same George Hall whom he represented and who was convicted on September 28, 1934, in Jeff Davis superior court, on a charge of chicken-stealing; and attached to this ground are a number of affidavits testifying to the bad character of Kent. The affidavits are merely cumulative or impeaching in character. The law in this State is that a new trial will not be granted where alleged newly discovered evidence is merely cumulative or impeaching in character. Code, § 70-204; *Arwood* v. *State,* 59 *Ga.* 391; *Roy* v. *State,* 140 *Ga.* 223 (3) (78 S. E. 846); *Collins* v. *State,* 151 *Ga.* 431 (107 S. E. 159); *Barbee* v. *State,* 177 *Ga.* 314 (170 S. E. 254); *Wright* v. *State,* 184 *Ga.* 62 (9) (190 S. E. 663). Nor does the showing of the defendant in behalf of this ground comply with the statute (Code, § 110-706) dealing with the matter of setting aside judgments obtained by perjury. This statute expressly provides that it is unlawful for the court to set aside a judgment alleged to have been obtained by perjury, unless the person charged with such perjury shall have been thereof duly convicted, and unless the judgment could not have been obtained without such perjured testimony. Furthermore, a motion for new trial based upon alleged newly discovered evidence is addressed to the sound discretion of the trial judge, and the reviewing court will not reverse his judgment overruling the motion, except where there is a mani-

fest abuse of discretion. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688). These grounds are without merit.

■ Ground 9 complains of the refusal of the court to permit witness McCarthy to testify that Mr. Allen told the witness that defendant's wife told Allen that she killed Martha Sikes. The testimony thus offered was clearly hearsay, and under repeated rulings of this court it was properly excluded. *Kelly* v. *State,* 82 *Ga.* 441 (9 S. E. 171); *Briscoe* v. *State,* 95 *Ga.* 496 (22 S. E. 211); *Beach* v. *State,* 138 *Ga.* 265 (2) (75 S. E. 139); *West* v. *State,* 155 *Ga.* 482 (117 S. E. 380).

■ Grounds 10 and 11 complain of certain remarks made by the solicitor-general in the presence of the jury, the first remark being with reference to the confession of Mrs. Aycock that she killed Martha Sikes, and being in the following language: "I would like to state in my place that I took up the matter with the grand jury, and they considered it so frivolous they did not care to investigate it." The second remark was made on the conclusion of the testimony of defendant's witness Pitkins, and was as follows: "I would like also to have this witness detained for investigation." It is shown that the solicitor-general withdrew the latter statement, and asked the jury to disregard it; whereupon the judge instructed the jury not to permit the remark to prejudice them against the defendant. These statements by an officer of the court were improper. The prosecuting attorney should guard his statements, and not allow the excitement of the trial to cause him to make in the presence of the jury any statement, not based upon the evidence, that would tend to prejudice the jury against the defendant. While, as argued in this court, the trial court is one of law and justice and it should protect the defendant against such injurious and prejudicial statements, yet this court, in the absence of a ruling by the judge and objection by the defendant, can not treat the remarks of the solicitor-general here complained of as properly subject to review. Both the defendant and the attorney who then appeared as his counsel were present in court, and were privileged to interpose then and there any objection they might have had to such remarks, and to invoke a ruling by the judge thereon, which, if adverse to them, could have been reviewed by this court, and if found to be erroneous a new trial might be

granted; but when the objection to such occurrences upon the trial is made for the first time in a motion for new trial, this court, under a long line of decisions, can not consider such objection.

In ground 12 complaint is made because the court admitted certain testimony of the witness Goodbee, but it is expressly stated by present counsel, who did not appear on the trial of the case, that no objection was made to the admission of the testimony by defendant's counsel. What has been said with reference to grounds 10 and 11 applies also to ground 12. This court can not undertake to judge the wisdom of the conduct of trials in the lower court, and thus we can not say that the defendant is entitled to a new trial because of the admission of evidence and statements by the solicitor-general which he approved by his silence during the trial. Every trial lawyer has doubtless at times felt after the trial of his case that the policy he pursued in the conduct of the trial was not wise, although, at the time, he pursued it in the belief that it would result in the best interest of his client. While with proper objections to the statements and evidence here complained of, and a judgment of a court overruling such objections, this court would consider them, yet, under the circumstances as here presented, there is no ruling before us for review. No court can proceed with order and do justice without the guidance and observance of rules of procedure which experience has taught are essential. The very statements and testimony here complained of are objectionable only to the extent that they transgress and violate established and recognized rules of evidence and procedure. We can not disregard one rule simply to enforce another. Ground 13 complains because the court admitted testimony of three witnesses as to the good character of State's witness Cates, expressly reciting that no objection to this testimony was made. In the absence of proper objection at the trial, neither of these assignments of error can be reviewed by this court. Code, § 81-1009; *Patton v. State*, 117 *Ga.* 230 (10) (43 S. E. 533); *Benton v. Hunter*, 119 *Ga.* 381 (3) (46 S. E. 414); *Langston v. State*, 153 *Ga.* 127 (111 S. E. 561); *Hendrix v. State*, 173 *Ga.* 419 (160 S. E. 614); *Simmons v. State*, 181 *Ga.* 761 (3) (184 S. E. 291); *Wynes v. State*, 182 *Ga.* 434 (185 S. E. 711); *Sloan v. State*, 183 *Ga.* 108 (187 S. E. 670); *Brooks v. State*, 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752); *Benton v. State*, 185 *Ga.* 254 (194 S. E. 166).

■ Ground 14 assigns error upon the ruling of the court admitting, over the objection of defendant's counsel, the testimony of State's witness Verta Coleman, that a month before the homicide of Martha Sikes the defendant had argued with Martha Sikes with reference to her coming back to Savannah with him, that he wanted her to come back, and she did not want to come, she wanting to stay for her uncle's funeral, and that he stated he would kill her if she did not come back with him. The ground of objection was that the testimony was irrelevant, immaterial, and prejudicial to the defendant. One of the issues upon the trial was the identity of the defendant as the slayer. This testimony tended to establish that identity, and under repeated rulings of this court such testimony was admissible. *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107) ; *Hixon* v. *State,* 130 *Ga.* 479 (3) (61 S. E. 14) ; *Taylor* v. *State,* 135 *Ga.* 622 (9) (70 S. E. 237) ; *Ray* v. *State,* 142 *Ga.* 655 (4) (83 S. E. 518) ; *Cason* v. *State,* 148 *Ga.* 477 (97 S. E. 74) ; *Hill* v. *State,* 148 *Ga.* 521 (97 S. E. 442) ; *Collins* v. *State,* 153 *Ga.* 95 (2) (111 S. E. 733) ; *Williams* v. *State,* 160 *Ga.* 129 (127 S. E. 278) ; *Willingham* v. *State,* 169 *Ga.* 142 (5) (149 S. E. 887). This assignment of error is without merit.

■ Ground 16 complains because the clerk of the court, at the request of James Rahal, attorney for the defendant, in propounding the voir dire questions to the jurors, after repeating the language of the statute, "Are you conscientiously opposed to capital punishment?" added "on direct or circumstantial evidence." It is contended that several jurors disqualified themselves as a result of this question, because they were opposed to capital punishment on circumstantial evidence; that the defendant's right to have only the voir dire as prescribed by the Code propounded to the jurors could not be waived by his counsel; and that the disqualification of members of the jury was prejudicial to his rights and deprived him of substantial rights guaranteed by the laws of Georgia. The names of twelve jurors alleged to have disqualified on this ground were set out. The defendant could not properly contend that any of the jurors who disqualified because they were opposed to capital punishment when conviction depended upon circumstantial evidence could have qualified as jurors for the trial of his case under the statutory voir dire questions. It would be trifling with justice to hold that a court was powerless to explain until a juror could

understand any question touching his competency that the court would compel him to answer under oath. The defendant was not deprived of any right which he had or can claim by the disqualification of the jurors upon this ground. Neither this defendant, nor any other defendant on trial in this State under an indictment for murder, has a right to be tried by jurors who are opposed to capital punishment upon circumstantial evidence. Our law recognizes circumstantial evidence, and with proper restrictions authorizes a conviction solely upon circumstantial evidence. Had the clerk not propounded the question as requested by defendant's counsel, and the prospective jurors had voluntarily stated their opposition to a conviction upon circumstantial evidence, it would have been the duty of the court to disqualify them. *King* v. *State*, 21 *Ga.* 220; *Lindsey* v. *State*, 111 *Ga.* 833 (36 S. E. 62); *Smith* v. *State*, 146 *Ga.* 76 (90 S. E. 713); *Mickens* v. *State*, 149 *Ga.* 185 (99 S. E. 779); *Swain* v. *State*, 162 *Ga.* 777 (135 S. E. 187); *Willingham* v. *State*, supra; *Compton* v. *State*, 179 *Ga.* 560 (5) (176 S. E. 764). Even if the question propounded were not authorized, objection thereto should have been made before the trial, and not first in the motion for a new trial. *Smith* v. *State*, 168 *Ga.* 611 (4) (148 S. E. 531).

Although entirely circumstantial, the evidence supported the verdict, and the general grounds of the motion for a new trial are without merit. *Judgment affirmed. All the Justices concur.*