37761. HOLLOWAY *v.* FEINBERG, Executrix.

DECIDED SEPTEMBER 11, 1959.

162

Stephens D. Habel, for plaintiff in error.

James W. Dorsey, Nall, Miller, Cadenhead & Dennis, contra.

GARDNER, Presiding Judge. Code § 61-111 provides that it is the duty of the landlord to keep the premises let by him to another in repair. The tenant must give notice to the landlord of the defects in the rented premises and the need of such repairs before there arises and is imposed upon the landlord the duty to make the needed repairs and he becomes liable for injury to the tenant caused by same. However, where a portion of the premises rented by the plaintiff from the defendant is in a state of disrepair and in a defective condition, and the plaintiff tenant knows thereof, such tenant must refrain from using any part of the rented premises, the use of which would likely be attended

with danger to such tenant. This is true even though a timely and proper notice of the defective condition of the rented premises is given to the landlord. See *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585).

In the case under consideration the tenant notified the landlord that certain portions of the front porch of the premises so rented by her from the defendant were in a bad and defective condition. The petition, as amended, affirmatively sets out therein that certain portions of the front porch of the apartment rented by her from the defendant were in need of repairs in that the front portions of the floor and ceiling of the porch were rotten, and the plaintiff alleged "the large timber upright and which supported the porch overhead in front of the apartment #2 rented by her" fell against the plaintiff who was seated in a chair on the front porch. It is true that it is the duty of the tenant to notify the landlord of defective conditions prevailing in rented quarters and to refrain from using that portion thereof, the use of which is attended with danger. *Gallovitch* v. *Ellis,* 55 *Ga. App.* 780 (191 S. E. 384) and citation. However, in the instant case the petition, as amended, sets out that the plaintiff at the time she was injured was seated in a place where she would not likely be subjected to danger. The petition herein, as amended, shows that the plaintiff exercised ordinary care and prudence for her own safety under the apparent conditions, and that she had a right to assume that that portion of the front porch where she sat was in such a state that she could have used it without danger to herself.

In *Shattles* v. *Blanchard,* 87 *Ga. App.* 15 (73 S. E. 2d 112) headnote 2 reads: "Questions as to negligence and contributory negligence are, except in plain and indisputable cases, for the determination of the jury, and where the allegations of the petition do not, even when construed against the pleader, demand the conclusion that the plaintiff's own negligence so preponderated as to preclude a recovery by her, this issue should be left for determination by a jury." On p. 18 of that opinion the court said: "Ordinarily, whether or not the plaintiff was in the exercise of ordinary care for her own safety is a question for the jury, and when she has no reasonable ground for suspecting

that the part of the stairway which she uses is dangerous, and it does not appear from the petition that persons of ordinary prudence would, under the circumstances, have been put on notice of their obvious danger, this question should be submitted to the jury. See in this connection *Johnson* v. *Collins*, 98 *Ga.* 271, 273 (26 S. E. 744) . . . Except in clear and palpable cases, it is a jury question as to whether the plaintiff was in the exercise of ordinary care for her own safety. See *Miller* v. *Jones*, 31 *Ga. App.* 318 (120 S. E. 672) ; *Alexander* v. *Owen*, 18 *Ga. App.* 326 (89 S. E. 437) ; *Dessau* v. *Achord*, 50 *Ga. App.* 426 (178 S. E. 396)."

The petition before us shows that the plaintiff was using a part of the porch which she had no reason to believe was unsafe, and was thus not exposing herself to known dangers.

It follows that the court erred in sustaining the general demurrers to the petition as amended.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*