### 38941.   KING v. MOFFETT.

DECIDED JULY 14, 1961—REHEARING DENIED JULY 27, 1961.

*Aaron Kravitch, Ogden Doremus*, for plaintiff in error.

*Findley, Shea, Friedman, Gannam, Head & Buchsbaum, Edwin A. Friedman, Bart E. Shea*, contra.

BELL, Judge. ■ The first ground of the amended motion for new trial contends that the court erred in charging the jury as follows: "Now the issues in this case, as I see it, was there a bad state of repair on that porch; did the tenant give Mr. King notice; did Mr. King after receiving that notice fail within a reasonable time—and that has been defined—to make the repairs; and was that failure to make the repairs the cause of the plaintiff's injury. You are to determine those things from the evidence. Mr. King's negligence, if he was negligent in failing to make that repair, must be the proximate cause of the plaintiff's injury."

The defendant contends that the court erred when it failed to call to the attention of the jury that the tenant could not recover if the tenant in the exercise of ordinary care and diligence could have ascertained the danger in walking on the premises in question, and knew or could have ascertained that the place where he was walking was rotten and would fall under his weight, and this notwithstanding the failure of the landlord to make repairs after a reasonable time following notice. The

defendant urges that the court erred in failing to give this issue the same importance that he gave to the other issues and "in over-accentuating part of the issues and failing to set out in connection therewith the issues with reference to the tenant's negligence." This failure, he asserts, was confusing to the jury, prejudicial to the defendant, and was responsible for the verdict rendered against him.

A reading of the charge in its entirety shows that the trial court instructed the jury before the fragmentary portion of the charge quoted above as to the duty of the tenant to abstain from using the part of the premises out of repair, and that he had the duty to exercise ordinary care and diligence to avoid injury to himself. Taking the charge as a whole, it is not confusing to the jury or prejudicial to the defendant. As Chief Justice Bleckley stated in *Brown v. Matthews*, 79 Ga. 1, 7 (4 SE 13), "Numerous points are made upon the charge of the court, none of which we think sustainable. If we fail to discuss them in detail, it is because we look at the charge as a whole, and so regarding it, we are free from doubt as to its substantial correctness. Standing alone, various expressions in it would be amenable to criticism. A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall."

It is obvious that a trial judge instructing the jury is not required to repeat each legal principle applicable to the trial every time he gives instruction upon a particular phase of the case. *Aycock v. State*, 188 Ga. 550, 562 (4 SE2d 221).

Special ground 1 has no merit.

■ The second ground of the amended motion for new trial reads in its entirety as follows: "That the court, after charging the jury that it was the duty of the defendant, if he had knowledge of any defects in the premises, to make repairs to the same within a reasonable time, erred in its failure to charge further that it was the duty of the tenant to have abstained from the use of said premises unless necessary to use

them, and even then, if in the exercise of ordinary care and diligence, he could have ascertained that they were more dangerous than they seemed to be, that the tenant could not just use the premises, relying on the fact that if he was injured the landlord would be responsible and that the failure of the court to so charge was prejudicial to the defendant, was demanded by the evidence, and by the charge which the court was given in connection therewith, and the failure to do so was error."

On this aspect of the case the charge of the court in substance was that when rented premises become out of repair the tenant has the duty to notify the landlord, and to abstain from using any part of the premises, the use of which would be attended with danger; but even after notice to the landlord, the tenant has the right to use those parts of the premises which are apparently in good condition; that knowledge by the tenant that a portion of the floor in the house was dangerous and unsafe does not necessarily render, as a matter of law, the tenant guilty of negligence when he walks upon an adjacent portion of the floor which does not appear to be rotten and out of repair; that while the tenant has the right to use that portion of the premises which is apparently safe, he does not have the right to use that which he knows to be unsafe or which is patently unsafe; that every person should take ordinary care and diligence to avoid injury to himself; and where the negligence of the defendant is apparent to the plaintiff, the latter should take all reasonable means to avoid the consequences of that negligence. These instructions to the jury are justified under the decision of this court in *Alexander v. Owen*, 18 Ga. App. 326 (89 SE 437).

The evidence for the plaintiff here, which the jury apparently accepted, was that the portion of the floor which collapsed and caused the injury was not patently defective and "the board where I was standing before I fell through looked like it was solid."

While the tenant may not cast himself upon the known perilous hazards of the premises and recover from the landlord for the resulting injuries, the tenant may continue to use those portions of the premises which are apparently in good condition without being found guilty of contributory negligence as a

matter of law. *Alexander v. Owen*, 18 Ga. App. 326, supra. Viewing the charge as a whole, the trial court adequately instructed the jury upon the duty of the tenant.

Ground 2 of the amended motion for a new trial is without merit.

■ Special ground 3 of the amended motion contends that the plaintiff had knowledge of the dangerous condition of the porch, that the defects were patent and not latent, and that he was not in the exercise of ordinary care and diligence.

This argument is based on the following testimony of the plaintiff: " 'This is where my leg went through. These holes on the front part were already there, but this is a new hole where I went through.' "

" 'I knew the porch was in that condition for a pretty good while.' "

This ground is not deserving. While the plaintiff in his testimony admitted knowledge of the defective condition of portions of the porch, he stated and reiterated that the part of the porch where he fell appeared to be sound. In this view the plaintiff was supported by the testimony of other witnesses. Although the tenant must refrain from using any part of the rented premises which he knows are in a state of disrepair, he is permitted to use such portions of the premises as apparently are not likely to subject him to danger. *Holloway v. Feinberg*, 100 Ga. App. 160 (110 SE2d 413).

"Knowledge by a tenant that a portion of a floor in a house on the rented premises is in a deteriorated and rotten condition, and is dangerous and unsafe for use, does not necessarily and as a matter of law render the tenant, in walking on an adjacent portion of the floor, which does not appear to be rotten and out of repair, but which appears to the tenant to be sound and walkworthy, guilty of negligence barring a recovery against the landlord . . ." *Shaddix v. Eberhart*, 55 Ga. App. 498 (190 SE 408).

Here there was ample testimony in the record that the portion of the porch where the plaintiff was walking at the time of the injury appeared to be sound. The issue of contributory negligence was for the jury, and they resolved it in favor of the

plaintiff. *Holloway v. Feinberg*, 100 Ga. App. 160, supra; *Johnson v. Collins*, 98 Ga. 271, 273 (26 SE 744).

■ Special ground 4 reads in its entirety: "That the court erred because the evidence was contrary to law, in that the witnesses for the defendant, the carpenters who went out to make the repairs, etc., testified that the photographs offered in evidence, made by the photographers on the statements of a neighbor, were not photographs of 540, the porch alleged to have been in bad condition, and that 540 was not in bad condition."

Suffice it to say that four witnesses testified to the contrary and identified the photographs as those of the premises occupied by the plaintiff and where he was injured. This conflict in the evidence was resolved by the jury.

The law and the evidence supported the verdict.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*